CABALLERO ET AL. *v.* POMALES ET AL.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 610.—Resuelto en junio 6, 1911.

NULIDAD DE CONTRATOS—DEMENCIA.—Para que pueda declararse la nulidad de un contrato a causa de la locura de alguna de las partes contratantes, es necesario demostrar cumplidamente que tal parte se encontraba realmente padeciendo de enajenación mental el día del contrato y que no pudo en tal virtud darse cuenta exacta del acto que realizaba.

ID.—BIENES GANANCIALES—CONSENTIMIENTO EXPRESO DE LA ESPOSA.—Para la venta de bienes inmuebles pertenecientes a la sociedad conyugal, se necesita el consentimiento expreso de la esposa, y si tal consentimiento falta, dicho contrato es nulo.

CONFIRMACIÓN DE CONTRATOS—CONSENTIMIENTO EXPRESO DE LA ESPOSA.—Un marido otorgó un contrato de compraventa de una finca rústica perteneciente a la sociedad conyugal y en la escritura manifestó que lo hacía con el consentimiento de su esposa que no podía comparecer por hallerse enferma. Días después la dicha esposa compareció ante el notario autorizante y dos testigos, y manifestó que el contrato se había otorgado con su conocimiento y consentimiento, y que nada tenía que oponer en contrario, haciéndose constar tal manifestación por escrito. *Se resolvió* que el contrato fué confirmado válidamente y que desde ese momento quedó extinguida la acción de nulidad con arreglo al artículo 1276 del Código Civil vigente.

CORTES DE DISTRITO—JURISDICCION ORIGINAL—CUANTÍA LITIGIOSA.—Alegándose en la demanda que el valor de la finca envuelta en el litigio, es superior a $500 y tendiendo la prueba a demostrar que así es en efecto, la jurisdicción original de la corte de distrito para conocer del pleito, es bien clara, no obstante aparecer que la expresada finca años antes se vendió por la suma de $365.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José Tous Soto.*

Abogado de los apelados: *Sr. Manuel A. Rivera.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Este es un caso sobre nulidad de cierto contrato de compraventa. Los demandantes alegaron como causa de acción, en resumen, que la escritura número 233 otorgada ante el Notario Público de Coamo Felipe Rodríguez, el día 22 de diciembre de 1905, y a virtud de la cual Jacinto Caballero aparece vendiendo a Jorge Berly, cierta finca rústica de 44 cuerdas, situada en el barrio de los Llanos, municipalidad de Coamo, lo fué hallándose el dicho Caballero en estado de demencia, hecho éste que constaba al comprador. Y además que la expresada finca correspondía a la sociedad de gananciales constituída por Caballero y su consorte la otra demandante, que ésta no compareció al otorgamiento de la escritura y que si bien el notario posteriormente hizo constar al pie del documento su conformidad, ella nunca la prestó.

Los demandados que son herederos de Jorge Berly, negaron los hechos esenciales de la demanda que pudieran perju-

dicarles, y después de haberse practicado la prueba de ambas partes, consistente en el documento de referencia y en declaraciones de expertos y testigos, la corte de distrito dictó sentencia declarando sin lugar la demanda con las costas a los demandantes.

Hemos examinado cuidadosamente las pruebas presentadas y hemos llegado a la conclusión de que la corte de distrito no cometió error alguno al apreciarlas. Es cierto que se ha demostrado que el demandante Jacinto Caballero ingresó en el Manicomio el 7 de abril de 1906, como loco, y salió de dicho establecimiento, como curado, el 21 de junio de 1906, y que allá por el 12 de febrero de 1906 había sido recluído también como loco en el depósito municipal de Coamo. Y parece cierto también que con anterioridad a esas fechas el dicho Caballero se dedicó a ejercicios religiosos exagerados y a prédicas anunciadoras del próximo fin del mundo, revelando dichos ejercicios y prédicas su estado de perturbación mental. Pero no existe ninguna prueba concluyente de que en el día del otorgamiento de la escritura de compraventa que ahora pretende anular, o sea el 22 de diciembre de 1905, él no pudiera haberse dado cuenta exacta del acto que realizaba. El mismo, al declarar bajo juramento ante el juez sentenciador, se expresó así:

"Que recuerda concurrió a la notaría de Don Felipe Rodríguez, en donde firmó un papel, y también recuerda que recibió $375 que le entregó Lorenzo Berly; que un día estando en el pozo de agua de su estancia, convino con Justo Berly la venta de la propiedad; que es cierto que adeudaba a Antonio Rivera 40 pesos que le pagó con el producto de la venta de la estancia."

Además, no sólo aparece en los autos la copia de la escritura otorgada bajo la fe del notario, sino que el notario y los testigos del documento declararon en el acto de la vista, y sus declaraciones claras y precisas presentan al demandante Caballero como a un hombre en el pleno uso de su razón, realizando el acto con entero conocimiento de su naturaleza. Y

también existen las declaraciones de otros testigos tendentes a demostrar que Caballero, por la época del otorgamiento de la escritura, no actuaba como loco y que él se ocupó de la venta de la finca, durando la negociación algún tiempo.

Examinemos la otra cuestión fundamental, o sea, la falta del consentimiento de la esposa. En la demanda se alega y en el juicio sólo se presentó para probarlo, la declaración de la propia interesada.

Por el contrario, en el propio documento se consigna que se otorga con el consentimiento de la esposa y que ésta no concurre al acto por hallarse enferma, pero que lo hará lo antes posible ante el notario autorizante, y luego al pie del documento se hizo constar lo siguiente:

"Nota. En 28 de diciembre de 1906, compareció ante mí Doña Julia Rodríguez sin otro apellido, vecina de este partido, casada, de oficio doméstico, mayor de edad, a quien conozco, e impuesta del contenido de esta escritura dijo: que la enajenación del terreno que se contiene en la misma la ha hecho su esposo Don Jacinto Caballero, con el conocimiento y consentimiento de la exponente, sin que tenga nada que oponer en contrario; no firma por que dijo no saber, lo hace a sus ruegos Don Carlos M. Landrau que fué testigo con Don Ramón Faria: doy fe. Carlos M. Landrau, a ruego del testigo Faria por no saber. Carlos M. Landrau Rodríguez."

El notario y los testigos también declararon sobre tal extremo en el acto del juicio, a presencia de los demandantes, y la corte resolvió el conflicto de la prueba en el sentido de que la esposa prestó el consentimiento, y nosotros creemos que su resolución fué la justa y procedente.

Es bien cierto que el procedimiento seguido para hacer constar el consentimiento de la esposa no es correcto, ya que la escritura debió otorgarse en un solo acto, pero el error cometido, no debe ser ni es fatal en este caso atendidas las circunstancias del mismo y apareciendo como aparece que si bien la venta en un principio, realizada sin el expreso consentimiento de la esposa, era nula (art. 159 del Código Civil re-

visado), se convirtió luego en un acto válido al consentirla expresamente la esposa, único requisito que faltaba, y apareciendo como aparece además que son los mismos vendedores los que ahora quieren volver sobre sus propios actos para derivar un positivo beneficio en daño de los herederos de aquél que con ellos contratara.

"La ratificación equivale al mandato; de suerte, que cuando uno da por firme lo que otro hizo en su nombre, vale tanto como si le hubiera mandado que lo hiciera. *Ratihabitio mandato aequiparatur.*" (4 Escriche Diccionario de Legislación, 796.)

El anterior principio podría aplicarse a este caso, ya que el esposo manifestó que actuaba con el consentimiento de la esposa y que ésta luego aseguró que tal hecho era cierto y que nada tenía que oponer en contrario.

Pero aun negando toda eficacia a las palabras empleadas por el esposo, de que obraba al hacer la venta con el consentimiento de la esposa y considerando como nula por falta de tal consentimiento la escritura de venta otorgada, tendríamos que el contrato fué confirmado válidamente por la esposa al manifestar como manifestó ante el notario que había sido celebrado con su conocimiento y consentimiento, y desde ese momento quedó extinguida la acción de nulidad con arreglo al artículo 1276 del Código Civil, no siendo necesario que marido y mujer conjuntamente otorgaran otra escritura para retificar o confirmar válidamente la viciada de nulidad, pues como ese vicio consistía en la falta de consentimiento expreso de la mujer, subsanado ese defecto por ella en la forma en que lo hizo, quedó válida la escritura.

Algo se manifestó en el alegato de los apelantes con respecto a la jurisdicción de la Corte de Distrito por razón de la cuantía. En la demanda se alega que el valor de la finca es superior a quinientos pesos y la prueba tiende a demostrar que el valor actual de la misma es realmente superior a dicha suma. Siendo esto así, no obstante el hecho de que la venta en 1905 se verificara por la suma de 375 pesos, resulta clara

la jurisdicción original de la corte de distrito para conocer y decidir este caso y nuestra propia jurisdicción para conocer y decidir del recurso de apelación interpuesto.

El recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados Wolf y Aldrey.

El Juez Asociado, Sr. MacLeary, no tomó parte en la resolución de este caso.