## LIBRÁN v. HERNÁNDEZ.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 839.—Resuelto en diciembre 17, 1912.

BIENES PROPIOS DE LA MUJER—DEUDAS DEL MARIDO CONTRAÍDAS ANTES DEL MATRIMONIO.—De acuerdo con el artículo 1325 del Código Civil revisado, el pago de las deudas contraídas por cualquiera de los cónyuges antes del matrimonio, no estará a cargo de la sociedad de gananciales. Sólo podrá repetirse contra dichos bienes de conformidad con lo dispuesto en el mismo artículo 1325.

ID.—BIENES GANANCIALES—PRESUNCIÓN—PRUEBA EN CONTRARIO.—De acuerdo con el artículo 1322 del Código Civil revisado, se reputan gananciales todos los bienes adquiridos durante el matrimonio, pero esta presunción puede ser destruída probando que pertenecían privativamente a uno de los cónyuges.

ID.—EMBARGO DE BIENES DE LA MUJER PARA RESPONDER DE DEUDAS DEL MARIDO CONTRAÍDAS ANTES DEL MATRIMONIO.—De acuerdo con la doctrina expresada en el párrafo anterior, se resolvió en el caso de autos, que habiéndose probado que las casas en litigio habían sido adquiridas por la demandante durante su matrimonio, pero con dinero producido por la venta de una propiedad de la cual era dueña con anterioridad al matrimonio, dichas casas, no podían ser embargadas ni ejecutadas para pagar deudas contraídas por el marido de la demandante, con anterioridad al matrimonio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Sabater.*

Abogado de la apelada: *Sr. José Ramón Freyre.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Aracelia Librán Rodríguez interpuso demanda en la Corte Municipal de Mayagüez contra Agustín Hernández Mena sobre reivindicación de dos casas situadas en Hormigueros, dentro de la jurisdicción de la Corte Municipal de Mayagüez. Tramitado el pleito la corte dictó sentencia a favor de la demandante y en contra del demandado. Este apeló para ante

la corte del distrito y celebrado el juicio de nuevo, la corte dictó también sentencia a favor de la demandante y en contra del demandado. El demandado entonces interpuso el presente recurso de apelación para ante este Tribunal Supremo.

El juez sentenciador declaró probados los siguientes hechos:

"Que la demandante Aracelia Librán Rodríguez es dueña de las dos fincas urbanas que se describen a continuación cuyo dominio adquirió por escritura pública número 29, otorgada ante el Notario Rodolfo Ramírez Vigo, en Mayagüez, Puerto Rico, a 23 de febrero de 1911, cuyas fincas se describen así: (Se describen en efecto).

"Que las referidas dos fincas, fueron compradas por la demandante Aracelia Librán Rodríguez, a Don Avelino Rodríguez Venzo y su esposa, Doña Nicomedes Rodríguez, según escritura antes mencionada, por el precio de cuatrocientos dollars; procediendo dicha suma de dinero, del producto de la venta de una casa que en 24 de marzo de 1905 y siendo entonces sóltera la demandante, compró ésta a la Señora Vicenti, por escritura número 158 ante el notario de esta ciudad, Sr. Mariano Riera Palmer.

"Que el día 15 de octubre del año 1905, la demandante contrajo matrimonio católico con el que es hoy su esposo nombrado Sinforiano Soto Guzmán.

"Que el marido de la demandante, o sea Sinforiano Soto Guzmán, antes del matrimonio con aquélla, llevaba cuentas con la casa mercantil de Ahedo, después Ibarrondo, que gira en esta plaza. Que la última partida de dicha cuenta tomada por Sinforiano Soto Guzmán en la casa de Ibarrondo, lo fué con fecha 2 de septiembre del año 1905, o sea antes de contraer matrimonio con la demandante. Que el saldo de dicha cuenta corriente, montante a ochenta y nueve dollars y centavos, en contra de Sinforiano Soto Guzmán, fué vendido o cedido por la Mercantil Ibarrondo, al ahora demandado en este pleito Agustín Hernández Mena, quién entabló una acción para el cobro de dicha cuenta contra el marido de la demandante Sinforiano Soto Guzmán, ante la Corte Municipal de Mayagüez (Caso Civil No. 156), y en dicho pleito en que recayó sentencia contra Sinforiano Soto Guzmán, se sacaron a pública subasta en ejecución de dicha sentencia las dos casas antes mencionadas y descritas, como si dichos bienes hubieran sido de la propiedad del demandado en aquel caso, Sinforiano Soto Guzmán, o como si dicho demandado hubiera tenido sobre ellos algún derecho, título o interés; y en virtud de

dicha subasta, el ahora demandado Agustín Hernández Mena, adquirió dichas propiedades a título de compra en subasta pública judicial, la que se llevó a cabo por el márshal de la Corte Municipal de Mayagüez, el día 12 de mayo de 1911, poseyendo actualmente el demandado Agustín Hernández Mena, una escritura número 32, otorgada el mismo día de la subasta pública, ante el notario de esta ciudad, Don Juan Quintero, refiriéndose dicha escritura de compraventa a las dos casas origen del presente pleito sobre reivindicación.

"Que después de haber otorgado la escritura de venta judicial de las dos propiedades, a favor del ahora demandado Agustín Hernández Mena, éste solicitó y obtuvo de la Corte Municipal ·de Mayagüez, un mandamiento para que se le pusiera en posesión de los bienes adquiridos en pública subasta, o sean las dos casas antes descritas, y el márshal de la Corte Municipal de Mayagüez, Tomás Ramírez Vicentí, con fecha tres de junio del año 1911, se trasladó al poblado de Hormigueros, donde radican las referidas fincas y dió posesión judicial de las mismas al ahora demandado Agustín Hernández Mena, en la persona de Evaristo Cámara, representante del ahora demandado Agustín Hernández Mena, requirió a la demandante Aracelia Librán Rodríguez, haciéndole saber que el dueño de las casas antes descritas, era el ahora demandado Agustín Hernández Mena, y que la demandante Aracelia Librán, debía saber que desde entonces, si quería continuar habitando una de las casas, debía pagar al demandado Agustín Hernández Mena, una suma mensual que se determinó como canon a arrendamiento; no habiendo pagado hasta la fecha la demandante ninguna suma como canon de arrendamiento al demandado Agustín Hernández Mena, por no habérselo éste, ni ninguna otra persona a su nombre, cobrado. En cuanto a la otra de las dos casas, también de ella tomó posesión el demandado Agustín Hernández Mena y la dió en arrendamiento por la suma de cuatro dollars mensuales, a un ministro de la Iglesia Presbiteriana.

"También se ha probado, que el valor de las casas de cuya reivindicación se trata, es de cuatrocientos dollars en la actualidad.

"Además, han quedado debidamente identificados las dos propiedades de cuya reivindicación se trata en el presente pleito."

Hemos examinado la prueba practicada y a nuestro juicio sostiene los hechos declarados probados por el juez sentenciador. Claramente se deduce de ella que allá por el año de 1905 Sinforiano Soto contrajo una deuda en una casa de comercio de Mayagüez. Que después de contraída la deuda, Soto

casó con la demandante que era dueña de una propiedad in-
mueble.   Que pasaron algunos años y la demandante vendió
su propiedad en seiscientos pesos y con cuatrocientos de ellos
adquirió las dos casas sobre que versa este pleito.   Y que
entonces, cuando aparentemente la sociedad de gananciales
constituída por Soto y la demandante había adquirido esas
propiedades, Agustín Hernández Mena, a quien aparece la
sociedad acreedora cediendo el crédito, demanda a Soto, ob-
tiéne una sentencia a su favor y en la ejecución de la misma
embarga las casas, las adquiere en pública subasta, toma
posesión de ellas, cobra el alquiler de una y de la otra desa-
hucia a la demandante.   La sentencia de desahucio no se llegó
a ejecutar por haberse paralizado a virtud de un mandamiento
de *injunction*.

Con tales hechos como base, es necesario concluir, como
concluyó la corte sentenciadora, que las casas en cuestión son
de la propiedad exclusiva de la demandante y que el título que
sobre ellas adquiriera el demandado, no es justo ni suficiente
en derecho, debiendo, por tanto, el dicho demandado dejarlas
expeditas y a la libre disposición de la demandante.

El artículo 1322 del Código Civil revisado dispone que se
reputan gananciales todos los bienes del matrimonio, mientras
no se prueba que pertenecen privativamente al marido o a la
mujer.

No cabe duda que las casas cuya propiedad se discute en
este litigio, adquiridas durante el matrimonio de la deman-
dante con Soto, tenían la presunción de gananciales, pero tal
presunción puede destruirse como se destruyó en este caso,
probándose que la demandante era dueña de una propiedad
con anterioridad al matrimonio, que la vendió y que con parte
del producto de la venta fué que adquirió las repetidas casas.

Además, aun cuando estimáramos que la prueba sobre tal
extremo no fué tan clara y concluyente como debe exigirse
que sea en un caso de esta naturaleza, y aun cuando se siguie-
ran considerando las casas como bienes de la sociedad de
gananciales, la sentencia se sostendría por el fundamento de

que la deuda se contrajo por el marido antes de su matrimonio, y según dispone el artículo 1325 del Código Civil revisado, el pago de las deudas contraídas por el marido o la mujer antes del matrimonio, no estará a cargo de la sociedad de gananciales.

El demandado y apelante suscitó diferentes cuestiones con motivo de mociones para eliminar, excepciones previas, y práctica de las pruebas. Las hemos estudiado todas y a nuestro juicio la corte al resolverlas no cometió error fundamental alguno que pueda ser motivo bastante para la revocación de la sentencia apelada. Dicha sentencia es la justa y procedente en este caso y debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.