DE LA CRUZ, RECURRENTE, *v.* EL REGISTRADOR DE PONCE, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de Ponce denegando la inscripción de una escritura de venta judicial.

No. 288.—Resuelto en diciembre 21, 1916.

VENTA JUDICIAL—FALTA DE CAPACIDAD DEL DEUDOR—BIENES GANANCIALES—LIQUIDACIÓN DE LA SOCIEDAD DE GANANCIALES.—Adquirida una finca por título oneroso, siendo casado el comprador, la adquisición tiene la cualidad de pertenecer a la sociedad de gananciales con su esposa, de acuerdo con el artículo 1316 del Código Civil, y por tanto, aunque es el administrador legal de ella, no puede disponer de la finca siendo viudo sin que preceda la liquidación de dicha sociedad, sin que obste para dicho efecto que la venta haya sido realizada por un márshal, porque hecha la escritura en nombre y representación del deudor la falta de capacidad de éste y los obstáculos provenientes del registro afectan al márshal de igual modo que si el otorgante fuera el propio deudor.

ID.—SOCIEDAD DE GANANCIALES—DEUDAS CONTRAÍDAS POR EL MARIDO—DEMANDA PRESENTADA CONTRA EL MARIDO ANTES DE LA LIQUIDACIÓN DE LA SOCIEDAD DE GANANCIALES.—Si bien es cierto que según el artículo 1323 del Código Civil los bienes de la sociedad de gananciales responden de las deudas contraídas por el marido durante el matrimonio, cuando resulta que la sociedad

de gananciales estaba disuelta con anterioridad a la presentación de la demanda, y nada aparece en el documento que demuestre que la deuda cuyo pago se reclama fuera contraída por el esposo durante el matrimonio, ni que los bienes gananciales hayan de responder de ella, no pueden aplicarse éstos al pago de la deuda.

ID.—ESTADO CIVIL—CIRCUNSTANCIAS PERSONALES—DEFECTO SUBSANABLE.—Aun cuando en una escritura otorgada por un márshal a nombre del deudor éste no comparezca en ella, es necesario que se consigne su estado civil y demás circunstancias personales, para conocer su capacidad para vender, constituyendo su omisión un defecto subsanable.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Leopoldo Tormes.*

El registrador recurrido Sr. Miguel Planellas no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Según certificación que obra en este expediente librada por el Registrador de la Propiedad de Ponce, aparece de sus libros que Juan Torres Santos tiene inscrita a su nombre la finca No. 5349, la que adquirió por título de compra en el año 1903, cuando estaba casado; que en el año 1914 fué negada la inscripción de una hipoteca que sobre ella constituyó cuando era viudo de Carmen Santos Ortiz, y que en mayo de 1915 también se negó la inscripción de otro documento por el cual, manifestando ser viudo de Carmen Santos, vendió la mitad de dicha finca como perteneciente a él por su mitad de gananciales.

Posteriormente se presentó en el registro la escritura de 8 de junio de 1916, de la que aparece que iniciado pleito en la Corte Municipal de Ponce en diciembre de 1915 por Sucesores de Manuel de la Cruz contra Juan Torres Santos en cobro de cierta cantidad de dinero, se dictó sentencia condenándole a su pago y librado mandamiento al márshal para su cumplimiento, éste vendió en remate público la mencionada finca a Manuel de la Cruz y en nombre del deudor le otorgó escritura de venta la que el registrador se negó a inscribir por los motivos que consigna al pie de ella y que copiamos:

"Denegada la inscripción del precedente documento porque de los antecedentes del registro resulta que Juan Torres Santos, el demandado, adquirió la finca rematada siendo casado, y su esposa Carmen Santos había muerto antes de iniciarse el procedimiento sin que conste que esa sociedad de gananciales haya sido liquidada ni aparezca de este documento que la ejecución se siguió contra el marido como administrador de dicha sociedad y para responder de obligaciones de la misma; y se tomó anotación de esta denegación por ciento veinte días al folio 40 vuelto del tomo 123 de Ponce, finca número 5349, anotación letra E, haciéndose constar el defecto subsanable de no expresarse en el documento el estado civil y demás circunstancias personales del referido demandado Juan Torres Santos."

Contra esa resolución interpuso el comprador Manuel Cruz el presente recurso gubernativo con súplica de que la revoquemos.

Adquirida la finca en cuestión por Juan Torres Santos por título de compra cuando estaba casado, la adquisición tiene la cualidad de pertenecer a la sociedad de gananciales con su esposa de acuerdo con el artículo 1316 del Código Civil y por tanto, aunque es el administrador legal de ella, no puede disponer de la finca siendo viudo sin que preceda la liquidación de dicha sociedad, sin que obste para dicho efecto que la venta haya sido realizada por un agente judicial, porque hecha la escritura en nombre y representación del deudor la falta de capacidad de éste y los obstáculos provenientes del registro afectan al márshal de igual modo que si el otorgante fuera el propio deudor.

Es cierto que según el artículo 1323 del código citado, los bienes de la sociedad de gananciales responden de las deudas contraídas por el marido durante el matrimonio, pero como en este caso resulta que la sociedad conyugal estaba disuelta con anterioridad a la presentación de la demanda y nada aparece en el documento que demuestre que la deuda cuyo pago se ordena fuera contraída por Torres durante el matrimonio ni que los bienes gananciales hayan de responder de ella, no puede aplicarse ese bien ganancial al pago de la deuda que se reclamó.

En cuanto al defecto subsanable consignado por el registrador de no expresarse en el documento el estado civil y demás circunstancias personales del deudor Juan Torres Santos, si bien éste no comparece en la escritura, como el márshal vende en su nombre, es necesario que se consignen dichas circunstancias para conocer su capacidad para vender y es, por tanto, de aplicación la doctrina establecida en el caso de *Cabrera* v. *El Registrador,* 11 D. P. R. 273, que declara que su omisión constituye un defecto subsanable.

La nota recurrida debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.