ORTIZ ET AL. DEMANDANTES-APELANTES Y APELADOS *v.* PASALACQUA ET AL., DEMANDADOS-APELADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre nulidad de adjudicación y reivindicación.

No. 1637.—Resuelto en julio 23, 1918.

SOCIEDAD DE GANANCIALES—NULIDAD DE ADJUDICACIÓN.—Es nula la adjudicación de un bien inmueble perteneciente a una sociedad de gananciales, hecha por el marido sin el consentimiento de la mujer en diciembre 3, 1902, de acuerdo con lo dispuesto en los artículos 159 y 1328 del Código Civil Revisado vigente en tal fecha.

SOCIEDAD DE GANANCIALES—LIQUIDACIÓN—PARTICIÓN—REIVINDICACIÓN.—El título de heredero de uno de los cónyuges componentes de la sociedad conyugal no es suficiente para reivindicar la mitad de una finca que forma parte de los bienes de la sociedad de gananciales, cuando no se ha practicado la liquidación de dicha sociedad, pues hasta que tal liquidación se haga no puede afirmarse la existencia de un sobrante que corresponda por mitad a los cónyuges. *Sucesión Morales v. Kieckoefer*, 17 D. P. R. 926.

FALTA DE CAUSA DE ACCIÓN.—Examinada la demanda y las pruebas, *se resolvió:* que los demandantes han actuado sin acción, debiendo apreciarse en contra de ellos la excepción perentoria *sine actione agis.*

Los hechos están expresados en la opinión.

Abogados de los demandantes: *Sres. Ed. Flores Colón y Antonio F. Castro.*

Abogados de los demandados: *Sres. José y M. Tous Soto.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Rafael, Quintín, Pedro, Severiana, Leocadia y Nicolás Ortiz y Ortiz presentaron una demanda en la Corte de Dis-

trito de Ponce, sobre "nulidad de adjudicación y reivindicación" y en ella alegaron lo que sigue:

"1º. Que son mayores de edad y residentes en Barros y los demandados son todos mayores de edad y vecinos de Coamo dentro de este distrito judicial.

"2º. Que en el mes de diciembre del año de mil novecientos dos, los esposos don José Dolores Ortiz y doña María Félix Ortiz eran dueños de la siguiente finca rústica: (se describe).

"3º. Que por escritura otorgada el tres de diciembre de mil novecientos dos, ante el notario de Coamo don Felipe Rodríguez, don José Dolores Ortiz, confesó deber en hipoteca sobre la finca descrita a los demandados Passalacqua, la suma de tres mil pesos provinciales, adjudicándoles en pago de dicha deuda la totalidad de la descrita finca.

"4º. Que la finca adjudicada por don José Dolores Ortiz a los demandados era de la sociedad de gananciales del adjudicante y su esposa doña María Félix Ortiz y dicha adjudicación se hizo sin la anuencia e intervención de dicha doña María Félix Ortiz.

"5º. Que desde la fecha de la adjudicación los demandados han estado en posesión de la finca mencionada percibiendo los frutos, rentas y utilidades de la misma en una suma no menor de quince mil dollars, sin buena fe ni justo título.

"6º. Que doña María Félix Ortiz falleció en el pueblo de Barros dejando como únicos y universales herederos a sus legítimos hijos nombrados Rafael, Quintín, Pedro, Severiana, Leocadia y Nicolás Ortiz y Ortiz a quienes le fué adjudicada en común proindiviso la partición que su madre doña María Félix Ortiz tenía en dicha finca, en virtud de partición extrajudicial efectuada entre ellos y su padre don José Dolores Ortiz."

Basándose en las anteriores alegaciones los demandantes suplicaron a la corte "que previos los trámites legales declare nula y sin ningún valor ni efecto la escritura de adjudicación en pago relatada en el hecho tercero de la demanda, otorgada por don José Dolores Ortiz sin la intervención de su esposa, y nula como consecuencia su inscripción en el registro de la propiedad, si dicha adjudicación ha podido ser registrada," y "que se condene a los demandados a reintegrar a los demandantes como causantes (*sic*) de doña María

Félix Ortiz, en la posesión de dicha finca, ordenándosele que oportunamente se les rinda cuenta de los productos de la misma y en todo caso se condene a los demandados en costas, gastos, desembolsos y honorarios de abogado.''

Emplazados los demandados, no hicieron alegación alguna y su rebeldía fué anotada por el secretario. Señalado día para el juicio se celebró en efecto en ausencia de los demandados. Los demandantes introdujeron prueba documental y testifical. Entre la documental figura una certificación librada por el encargado del Registro Civil de Barros creditiva de que María Félix Ortiz, madre de los demandantes, falleció el 14 de junio de 1913, y la copia de la escritura de adjudicación cuya nulidad se pide. De la escritura aparece que Ortiz, padre de los demandantes, hipotecó la finca de que se trata para garantir una deuda de tres mil pesos por documento público otorgado el 20 de enero de 1900, y que no habiendo podido satisfacer el primer plazo de la dicha deuda, se puso de acuerdo con su acreedor y le adjudicó la finca hipotecada en pago de su obligación. Consta también en la escritura lo que sigue: ''Don José Dolores Ortiz manifiesta que esta adjudicación la hace con conocimiento y consentimiento de su esposa doña María Félix Ortiz.'' No se presentó prueba alguna referente a la partición extrajudicial de que se habla en la demanda.

La corte de distrito dictó sentencia declarando nula la adjudicación y su inscripción en el registro y condenando a los demandados a reintegrar a los demandantes en la posesión de la finca, pagándoles ciento ochenta pesos como indemnización por los productos percibidos después de interpuesta la demanda, todo sin especial condenación de costas. Contra esa sentencia apelaron ambas partes, los demandantes en cuanto a la no concesión de frutos a partir de la toma de posesión por los demandados en 1902, y los demandados en cuanto a la declaración de nulidad. Ambos recursos se tramitaron y vieron conjuntamente ante este tribunal.

Comenzaremos nuestro estudio por el recurso interpuesto por los demandados, pues, si se declara con lugar, será innecesario estudiar el establecido por los demandantes.

La cuestión de si es o no nula una adjudicación de un bien inmueble perteneciente a una sociedad de gananciales hecha por el marido sin el consentimiento expreso de la mujer el 3 de diciembre de 1902 en pago de una deuda, no ofrece dudas de ningún género. A esa fecha regía el Código Civil Revisado y de acuerdo con sus claras prescripciones contenidas en los artículos 159 y 1328, la cuestión queda resuelta en la afirmativa.

Se invocó por los demandados la ley de la Asamblea Legislativa de Puerto Rico "con respecto a la validez de ciertos contratos," aprobada el 24 de febrero de 1903, (Comp. de 1911, p. 92), y con ese motivo se suscitó una interesante discusión entre los ilustrados abogados de ambas partes, relativa a si la ley invocada era o no constitucional. Según la opinión que del caso hemos formado, podemos prescindir de resolver por ahora esa cuestión.

A nuestro juicio los hechos alegados en la demanda no determinan una causa de acción, y examinadas las alegaciones con vista del resultado de las pruebas aportadas por los mismos demandantes, también tenemos que llegar a la conclusión de que los demandantes han actuado sin acción, debiendo apreciarse en contra de ellos la excepción perentoria *sine actioni agis*.

De la demanda y de la prueba aparece que los padres de los demandantes debían la cantidad de tres mil pesos a los demandados. Para garantir el pago de esa cantidad fué hipotecada una finca. El contrato de hipoteca se ejecutó de acuerdo con la ley. Así las cosas y no habiendo podido pagar los padres de los demandantes, se adjudicó la finca a los acreedores en pago de la deuda, y a tal efecto acudió el padre ante un notario, otorgó el contrato y en él consignó que la madre, su esposa, tenía conocimiento y le había dado su con-

sentimiento para actuar en la forma en que lo hizo. De acuerdo con el derecho histórico, el marido, administrador de la sociedad de gananciales, no tenía necesidad del consentimiento de la mujer para otorgar un contrato semejante. De acuerdo con una ley que había comenzado a regir el 1 de julio de 1902 y cuya publicación en forma impresa no se hizo hasta meses después, se necesitaba el consentimiento expreso de la mujer. El contrato se otorgó en 1902 y la mujer no murió hasta el 1913. Más de diez años transcurrieron y nada reclamó la esposa. Después aparecen reunidos el padre y los hijos celebrando una llamada partición extrajudicial en la cual se dice que se adjudicó a los demandantes la parte que correspondía a la madre. Fué el padre, el mismo que adjudicó, el mismo que aseguró que la madre estaba conforme, el que intervino en esa partición.

Bajo esas circunstancias, no teniendo la corte más conocimiento de la partición que la simple alegación en la demanda que dejamos transcrita, esto es: "Que doña María Félix Ortiz falleció en el pueblo de Barros dejando como únicos y universales herederos a sus legítimos hijos nombrados Rafael, Quintín, Pedro, Severiana, Leocadia y Nicolás Ortiz y Ortiz a quienes le fué adjudicada en común proindiviso la participación que su madre doña María Félix Ortiz tenía en dicha finca, en virtud de partición extrajudicial efectuada entre ellos y su padre don José Dolores Ortiz," ¿puede acaso sostenerse que los demandantes han presentado a la corte con la claridad y precisión debidas una reclamación que justifique una sentencia ordenando a los demandados que entreguen a los demandantes la totalidad de la finca en cuestión con los frutos producidos por la misma por un espacio de más de catorce años?

Desde 1911 decidió esta corte que "el título de heredero de uno de los cónjuges componentes de la sociedad conyugal no es suficiente para reivindicar la mitad de una finca que forma parte de los bienes de la sociedad de gananciales,

cuando no se ha practicado la liquidación de dicha sociedad conyugal, pues hasta que tal liquidación se haga, no puede afirmarse la existencia de un sobrante que corresponde por mitad a los cónyuges.'' *Sucesión Morales* v. *Kieckoefer et al.,* 17 D. P. R. 926, 927.

¿Dónde se alega en la demanda que la sociedad de gananciales que formaron los padres de los demandantes y que se disolvió con motivo de la muerte de la madre, fué debidamente liquidada?

Se dirá tal vez que se ha alegado una partición y que la partición presupone la liquidación de la sociedad de gananciales ¡Pero en qué forma se ha alegado esa partición! La alegación constituye más bien una conclusión de ley que una narración de hechos. Se dice que se adjudicó a los demandantes la participación que correspondía a la madre y esto no obstante se reclama la totalidad de la finca. No se especifica a cuánto ascendió la partición. Pudo ser la mitad, pudo ser menos o más. Esta circustancia demuestra la necesidad de una liquidación. La finca estaba gravada con una hipoteca legalmente constituída. Nada alegan los demandantes con respecto al pago de esa hipoteca. Otra circunstancia demostrativa de la necesidad de la liquidación. No suponemos que los demandantes imaginen siquiera que el padre que hizo la adjudicación y aseguró que actuaba con el previo consentimiento de su esposa, pueda beneficiarse de la acción que ellos pretenden tener para anular la adjudicación por falta del consentimiento de la madre. Pues bien, la partición que se alega como base de la reclamación de los demandantes, es un simple acto extrajudicial realizado con la intervención y el concurso del padre, actuando éste en abierta oposición con su actuación en la escritura por virtud de la cual se adjudicó a los demandados la finca de que se trata desde 1902 y en cuya pacífica posesión han permanecido hasta la interposición de la demanda en este pleito.

Las cortes de justicia no pueden ver con buenos ojos esta clase de reclamaciones. De ahí que deba exigirse con toda rigidez que las demandas en que se funden, contengan, expuestos con claridad y precisión, los hechos de los cuales surja el derecho de los demandantes. En esto no tiene discreción el tribunal.

Por virtud de todo lo expuesto debe declararse con lugar el recurso de apelación de los demandados, sin lugar el de los demandantes y revocarse la sentencia apelada dictándose otra desestimando la demanda, sin especial condenación de costas.

> *Revocada la sentencia apelada desestimando la demanda sin especial condenación de costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison firmó conforme con la sentencia.