ARROYO, DEMANDANTE Y APELADA, *v.* VICARIO ET AL., DEMANDADOS Y APELANTE EL PRIMERO.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre tercería de dominio de bienes muebles e inmuebles.

No. 2242.—Resuelto en julio 27, 1920.

TERCERÍA DE DOMINIO—BIENES GANANCIALES—BIENES PRIVATIVOS—EMBARGO.— Les bienes adquiridos a título oneroso durante el matrimonio tienen la presunción de gananciales. Para destruir esa presunción se necesita una prueba clara y robusta. Examinada la evidencia practicada en este caso, se concluyó que era suficiente para sostener la alegación de que ciertos bienes inmuebles embargados como de la sociedad de gananciales, pertenecían exclusivamente a la esposa, y por tanto que fué bien decretado el levantamiento del embargo, y que era insuficiente en cuanto a ciertos bienes muebles también embargados y por tanto que el embargo debía subsistir con respecto a .ellos.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. J. Tous Soto.*
Abogado de los apelados: *Sr. L. Tormes.*

EL JUEZ ASOCIADO SR. DEL·TORO, emitió la opinión del tribunal.

Se trata de una tercería de dominio de bienes muebles e inmuebles. Manuel Vicario inició un pleito contra los esposos José Camacho y María Justina Arroyo en cobro de pesos. Obtuvo sentencia favorable y para·hacerla efectiva· em-

bargó un coche, varios efectos que había en un pequeño comercio, una finca urbana y otra rústica. María Justina Arroyo inició entonces este pleito de tercería alegando que los bienes embargados eran de su exclusiva propiedad. Contestó oponiéndose, el demandado Vicario. Fué el pleito a juicio. Ambas partes presentaron pruebas. Y la corte, finalmente, dictó sentencia declarando la demanda con lugar. El demandado Vicario apeló entonces para ante esta Corte Suprema.

La parte apelante señala la comisión de ocho errores que pueden estudiarse y resolverse agrupándolos en cuatro.

1. Se sostiene por el apelante que habiendo sido condenada María Justina Arroyo individualmente en el pleito en cobro de pesos, carece de acción para iniciar la tercería. En efecto, al dictar su sentencia en el pleito en cobro de pesos la corte de distrito condenó a los demandados José Camacho y María Justina Arroyo a pagar la suma adeudada al demandante. La forma en que quedó redactada la sentencia era susceptible de interpretarse en el sentido que lo hace la parte apelante, pero después la propia corte aclaró su fallo expresando que la cantidad mandada satisfacer lo sería con cargo a la sociedad de gananciales que tenían constituída, a virtud de su matrimonio, los demandados. Siendo esto así y habiendo reclamado la tercerista los bienes de que se trata como privativos, carece de fundamento el primer señalamiento de error.

2. El cuarto, quinto y octavo señalamientos de error, se refieren a los cometidos, a juicio del apelante, por la corte de distrito al decidir que los bienes inmuebles embargados pertenecían exclusivamente a la demandante, prescindiendo de la presunción de gananciales que tienen tales bienes por haber sido adquiridos a título oneroso durante el matrimonio de la demandante con el demandado Camacho.

A nuestro juicio la corte no cometió los errores que se le atribuyen. Los bienes inmuebles embargados constan inscritos en el registro de la propiedad como bienes privativos

de la demandante. Es verdad que se adquirieron durante el matrimonio de la demandante con Camacho, pero es lo cierto también que en el título de adquisición se hizo constar el origen del dinero y que la inscripción se verificó con vista de otra escritura creditiva de que la demandante había recibido $5,000 con motivo de una transacción sobre derechos hereditarios que puso fin a cierto pleito.

De la prueba en conjunto resulta que Camacho y la demandante tenían establecido un pequeño comercio en uno de los barrios de la municipalidad de Yauco y sostenían relaciones de negocios con el demandado Vicario, originándose con motivo de ellas un crédito a favor de Vicario de unos $1,300. No consta que los esposos tuvieran entonces otros bienes que aquel establecimiento que acabó con deudas.

Así las cosas, la demandante inició un pleito de filiación que terminó con la transacción de que se deja hecho mérito, y fué con el dinero así obtenido por la demandante que ella adquirió las fincas embargadas cuyo valor es inferior a la suma recibida en la transacción.

Siendo esto así, atendida la naturaleza del pleito, claro es que el dinero con que se compraron los bienes no pertenecía a la sociedad de gananciales sino exclusivamente a la esposa, teniendo los bienes así adquiridos la condición de privativos de la demandante que le reconoció la corte sentenciadora, no viniendo obligados, por tanto, a responder de las deudas de la sociedad de gananciales. Véanse los artículos 1314, No. 4°. 1316, 1322 y 1323 del Código Civil.

3. Los errores señalados con los números dos y tres levantan la misma cuestión que acabamos de estudiar, pero con referencia a los bienes muebles que fueron embargados.

Hemos examinado la prueba practicada y encontramos que no es en verdad bastante para sostener que dichos bienes pertenezcan exclusivamente a la mujer y, en tal virtud tenemos que concluir que la presunción de gananciales que tienen tales bienes por haber sido adquiridos a título oneroso durante el matrimonio, quedó en pie.

Tal vez sea enteramente cierta la declaración de la demandante. Quizás la sentencia de la Corte de Distrito de Ponce sea también en este extremo, justa, pero repetimos que la prueba aportada no fué todo lo robusta que debió ser en casos de esta naturaleza.

Camacho murió. En vida estuvo al frente del establecimiento cuyos efectos fueron embargados y así se encontraba cuando se trabó el embargo. Dicho establecimiento no era en verdad el mismo en que se originó la deuda con Vicario. Aquel estaba situado en la municipalidad de Yauco y éste en la de Guayanilla. La demandante dice que el comercio de Guayanilla se estableció a virtud de cierto crédito que ella abrió a su esposo. Quizás fué así, pero es arriesgado llegar a conclusiones contrarias a presunciones sabiamente establecidas por la ley a virtud de prueba de esa naturaleza.

4. El sexto y séptimo señalamientos de error, aunque existieran no serían perjudiciales. Se alega que la corte erró al admitir como prueba ciertos documentos privados para acreditar la donación de una casa hecha por Arturo Lluveras y su esposa a la demandante. Dicha casa no fué embargada y no es objeto de este pleito, y siendo ello así, es innecesario ahondar en el estudio de la cuestión suscitada.

Por virtud de todo lo expuesto, opinamos que la sentencia apelada debe confirmarse en cuanto declaró que la propiedad de los bienes inmuebles embargados pertenecía exclusivamente a la demandante, y revocarse en cuanto al pronunciamiento hecho en relación con los bienes muebles, debiendo quedar en cuanto a ellos subsistente el embargo practicado.

> *Confirmada la sentencia apelada en cuanto declara que la propiedad de los bienes inmuebles embargados pertenecía exclusivamente a la demandante, y revocada en cuanto al pronunciamiento hecho en relación con los bienes muebles, debiendo quedar en cuanto a ellos subsistente el embargo practicado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.