Pedro Roselló y Batlle y Federico Font Delort, recurrentes, *v.* El Registrador de la Propiedad de Ponce, recurrido.

No. 829.—*Sometido:* Enero 12, 1931. *Resuelto:* Junio 27, 1931.

*López de Tord & Zayas Pizarro,* abogados de los recurrentes; el Registrador recurrido compareció por escrito.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La Corte de Distrito de Ponce concedió autorización a don Federico Font Delort para que como tutor de su esposa incapacitada doña Prudencia Ubides Aponte prestase consentimiento por ella para vender a don Pedro Roselló Batlle una casa adquirida por la sociedad legal de gananciales de ambos consortes, debiendo verificarse la venta por precio de $7,090.76 de los cuales el vendedor recibiría $2,090.76 y los $5,000 restantes quedarían aplazados por término de cinco años con interés, debiendo el comprador garantizar el precio aplazado y su interés con hipoteca sobre la misma casa.

Otorgada la correspondiente escritura pública de venta y de hipoteca de acuerdo con los términos de la expresada resolución y habiendo consentido el marido como tutor de su esposa incapacitada en la enajenación, el registrador de la propiedad se negó a inscribir la venta a favor de Roselló por no haberse verificado en pública subasta; y negó la de la hipoteca por no haber sido inscrita la venta. Contra ambas negativas se ha interpuesto este recurso gubernativo.

Sostiene el registrador que la venta en pública subasta es necesaria en este caso porque, según el artículo 282, No. 5, del Código Civil, los tutores necesitan autorización judicial para enajenar o gravar bienes inmuebles que constituyan el capital de los menores o incapaces y que de acuerdo con la ley de procedimientos legales especiales en sus artículos 80, 81 y 82 la venta en esos casos debe hacerse en pública subasta.

En nuestro Código Civil existe la sociedad legal de gananciales por virtud de la cual, según el artículo 1310, el marido y la mujer harán suyos por mitad, al disolverse el matrimonio, las ganancias o beneficios obtenidos indistintamente por cualquiera de los cónyuges durante el mismo matrimonio. Los bienes gananciales son los determinados en el artículo 1316. Por consiguiente, los bienes gananciales pertenecen

en comunidad a ambos cónyuges durante el matrimonio aunque la mitad líquida que a cada uno corresponda no pueda determinarse hasta la disolución del matrimonio. En consecuencia hemos dicho en el caso de *Sucn. García* v. *Registrador,* 17 D.P.R. 781, que mientras se disuelve el matrimonio y se liquide la sociedad de gananciales, la mujer no tiene participación alguna en los bienes de la misma que pueda estar sujeta a embargo o ejecución por deudas u obligaciones de carácter particular, que no sean de aquéllas por las cuales puede obligar los bienes de la sociedad de acuerdo con el artículo 1323 del Código Civil.

La administración de tales bienes gananciales está encomendada al marido por disposición expresa de la ley con las limitaciones consignadas en el artículo 1328 de nuestro actual Código Civil de no poder donarlos, enajenarlos ni obligarlos a título oneroso sin el consentimiento expreso de la mujer.

Como consecuencia de lo expuesto el artículo 282, No. 5, del Código Civil y los de la Ley de Procedimientos Legales Especiales en los que el registrador funda su negativa no son aplicables al caso presente porque no tratándose de enajenar capital privativo de la mujer incapacitada no es necesaria la autorización de la corte para la venta ni la subasta pública, siendo bastante con que la corte haya autorizado al tutor de la esposa incapacitada a consentir por ella. De aceptarse el criterio del registrador quedarían destruídas la sociedad de gananciales y la administración que de esos bienes confiere la ley al marido, pues no sólo estaría obligado el esposo a celebrar subasta para la enajenación de bienes inmuebles sino que el producto de las ventas saldría de sus manos y administración para quedar en las cortes para que éstas le diesen colocación con intervención del fiscal, y tendría que vender también en subasta los bienes muebles cuyo valor excedieran de $200, requerido todo esto por el Código y por la Ley de Procedimientos Legales Especiales para los tutores en cuanto al capital propio de menores e incapacitados.

Además, se daría el absurdo de que la participación posible del marido en los bienes gananciales, no estando declarado incapacitado, estaría sujeta a las restricciones y formalidades de una subasta al venderse la propiedad que se reputa ganancial, sin ley que tienda a tales restricciones, que no puede ser creada por la jurisprudencia.

*La venta debe ser inscrita y consiguientemente la hipoteca.*

El Juez Asociado Señor Wolf está conforme con el resultado.