Benito Abad Robles y su esposa Dolores García, demandantes y apelados, *v.* Celestino Guzmán, demandado y apelante.

Núm. 9526.—*Sometido:* Noviembre 3, 1947.   *Resuelto:* Noviembre 13, 1947.

*Faustino R Aponte,* abogado del apelante; *F. Gonzalez, Jr.,* abogado de los apelados.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Benito Abad Robles y su esposa Dolores García presentaron ante la Corte de Distrito de Humacao una demanda sobre entrega de propiedad y otros extremos contra Celestino Guzmán. En ella alegaron sustancialmente que eran dueños de una casa de maderas situada en el barrio Daguao, de Naguabo; que en los últimos días del mes de febrero de 1941 el demandante Robles adeudaba al demandado Guzmán la suma de $165 y que a fin de que éste se cobrara la deuda, dicho demandante autorizó al demandado a que percibiera las rentas del inmueble indicado por el tiempo que fuera necesario hasta liquidar la misma; que desde febrero de 1941 hasta abril de 1943 la casa rentó la suma de $6 mensuales y en abril del citado año ésta empezó a producir $30 al mes, montando el total de los cánones cobrados a la cantidad de $426; que si de esta última suma se deduce el importe de la deuda queda un saldo líquido a favor del demandante de $261; que posteriormente el demandante Robles y el demandado iniciaron negociaciones de compraventa del citado inmueble, no habiéndose perfeccionado el contrato por no haber llegado ellos a un convenio definitivo en cuanto a las condiciones del mismo; que la demandante, Dolores García, que es condueña del aludido inmueble, jamás hizo convenio de clase alguna con el demandado, ni jamás prestó su consentimiento para que se hiciera convenio alguno a nombre de ella para la venta de la casa; y que el demandado se niega a devolver el inmueble a los demandantes, estando en posesión del mismo sin título o derecho alguno para ello.

En la súplica de la demanda se solicita: (a) que el inmueble descrito sea devuelto a los demandantes; (b) que se condene al demandado a pagar a éstos la suma de $261; y (c) que se le sentencie igualmente a satisfacer las rentas que el inmueble produzca desde enero de 1944 hasta la terminación del litigio; así como (d) a pagar las costas y honorarios de abogado.

Contestó el demandado Celestino Guzmán negando todas y cada una de las alegaciones de la demanda y sosteniendo,

por el contrario, que lo sucedido fué que mientras el demandante y un hijo de éste adeudaban al demandado la cantidad de $72 para principios de 1940, el demandante formalizó un contrato de compraventa con el demandado en relación con la casa que se describe en la demanda, efectuándose el mismo por la suma de $250, para satisfacer la cual el demandado dedujo el monto de la deuda, dió al demandante un novillo y le entregó distintas partidas; que el demandante y el demandado son compadres y por ello permitieron que transcurriera algún tiempo sin que se otorgara la correspondiente escritura; que a mediados de 1943 el demandante autorizó al demandado para que mandara a preparar el mencionado documento, pero que una vez redactado éste el demandante se negó a firmarlo por entender que el valor de la casa había aumentado debido a las reparaciones y mejoras hechas a la propiedad por el demandado y con motivo del auge en los negocios producido por la guerra y por la construcción de una base naval en Ceiba.

Celebróse el juicio correspondiente y la corte inferior, luego de oír la prueba de ambas partes, dictó sentencia desestimando la demanda en todas sus partes, con costas a los demandantes. Éstos solicitaron reconsideración y después de una vista dictóse la siguiente sentencia:

"A virtud de moción de reconsideración de los demandantes, de junio 14 del año en curso, y después de oídas las partes en corte abierta, se reconsidera la sentencia dictada en junio 11 de 1945, para que la misma se lea como sigue:

"Por los fundamentos de la relación del caso y opinión que se une a los autos y se hace formar parte de esta sentencia, la Corte entiende que la ley y los hechos están a favor del demandado y en contra de los demandantes, y procede dictar sentencia como por la presente se dicta desestimando la demanda en todas y cada una de sus partes, con las costas a cargo de los demandantes, excluyendo honorarios de abogado.

"En cuanto a la demandante Dolores García, por no haber ésta dado su consentimiento expreso, según aparece de la prueba, a la venta del inmueble objeto de este pleito, que es ganancial, se declara

ineficaz la venta de dicho inmueble, reservándole sus derechos en el mismo, como cónyuge del demandante Benito Abad Robles para que los ejercite en la forma y manera que determina la ley.''

De ella apeló el demandado para ante este Tribunal y en apoyo de su recurso señala únicamente que ''la corte de distrito cometió manifiesto error al reconsiderar su sentencia, ya que en esa forma permitiera (*sic*) un enriquecimiento injusto de la sociedad de gananciales.'' Los demandantes, sin embargo, no apelaron de la sentencia en tanto en cuanto ésta les perjudicaba, ni han radicado alegato alguno en oposición al presentado por el demandado en apoyo del recurso por él instado.

La sentencia apelada es insostenible en verdad. La prueba ofrecida por las partes fué contradictoria, pero el conflicto se dirimió por la corte inferior y es regla bien establecida que no intervendremos con el criterio de un juez de distrito al resolver contradicciones de tal naturaleza, a no ser que se nos demuestre que al así hacerlo él cometió manifiesto error en la apreciación de la misma o actuó movido por pasión, prejuicio o parcialidad. Véanse *Gorbea* v. *Santiago,* ante, pág. 634 y *Ramos* v. *Rosario,* ante, pág. 683, y los casos en ellos citados. Así, pues, tal cual lo hizo la corte inferior, consideraremos el contrato celebrado entre el demandante Benito Abad Robles y el demandado Celestino Guzmán como uno de compraventa.

De la prueba aducida por los demandantes se desprende también con toda claridad que la casa en cuestión fué construída mientras ellos estaban casados. En su consecuencia, dicha propiedad tiene la presunción de ser ganancial y el que alegue lo contrario deberá probarlo. Artículos 1301 y 1307 del Código Civil, ed, 1930;(¹) *Roselló* v. *Registrador, 42*

---

(¹) *Artículo 1301.*—''Son bienes gananciales:

1. Los adquiridos por título oneroso durante el matrimonio a costa del caudal común, bien se haga la adquisición para la comunidad, bien para uno solo de los esposos.

2. Los obtenidos por la industria, sueldo o trabajo de los cónyuges o de cualquiera de ellos.

D.P.R. 508; *Cortés* v. *Díaz,* 31 D.P.R. 454, 459; *Arroyo* v. *Vicario,* 28 D.P.R. 804; *Acosta* v. *Registrador,* 27 D.P.R. 250; *Cádiz* v. *Jiménez,* 27 D.P.R. 651; *De la Cruz* v. *Registrador,* 24 D.P.R. 681; *Truyol* v. *Registrador,* 18 D.P.R. 937, y *Librán* v. *Hernández,* 18 D.P.R. 1008. Esa presunción no fué destruída en este caso.

■ Por otra parte, es principio elemental de derecho, consignado por el propio Código Civil y por la jurisprudencia de este Tribunal, que la sociedad de gananciales es una entidad distinta y separada de las personas que la constituyen, y que si bien, salvo raras excepciones,(²) el marido es el administrador de ella, los bienes raíces pertenecientes a dicha sociedad no pueden ser enajenados o gravados en forma alguna sin el consentimiento expreso de ambos cónyuges. Además, que toda venta de inmuebles en que no se dé estricto cumplimiento a ese requisito será completamente nula. Artículo 91 del Código Civil, ed. 1930; (³) *Ex Parte García,* 54 D.P.R. 503, 507; *Morales* v. *Ceide,* 51 D.P.R. 27, 37; *Ortiz* v. *Pasalacqua,* 26 D.P.R. 639; *Caballero* v. *Pomales,* 17 D.P.R. 719, y *Díaz* v. *Registrador,* 9 D.P.R. 187.

La prueba aportada por los demandantes revela igualmente que la esposa nunca consintió a que su marido vendiera la casa en cuestión. Siendo ello así, dicha venta es nula y, en su virtud, la sentencia de la corte inferior no ha debido

3. Los frutos, rentas o intereses percibidos o devengados durante el matrimonio, procedentes de los bienes comunes o de los peculiares de cada uno de los cónyuges.''

*Artículo 1307.*—''Se reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer.''

(²) Véanse los artículos 91 y 1333 del Código Civil, ed. 1930.

(³) *Artículo 91.*—''El marido será el administrador de los bienes de la sociedad conyugal, salvo estipulación en contrario.

''Las compras que con dichos bienes haga la mujer serán válidas, cuando se refieran a cosas destinadas al uso de la familia, de acuerdo con la posición social de ésta.

''No obstante, los bienes inmuebles de la sociedad conyugal no podrán ser enajenados o gravados bajo pena de nulidad, sino mediante el consentimiento expreso de ambos cónyuges.''

circunscribirse a declararla ineficaz tan sólo en cuanto a la mujer.

■ El artículo 1255 del Código Civil, ed. 1930, dispone que:

"Declarada la nulidad de una obligación, los contratantes deben restituirse recíprocamente las cosas que hubiesen sido materia del contrato, con sus frutos, y el precio con los intereses . . ."

Bajo estas circunstancias, y toda vez que de las alegaciones y la prueba surge que el demandado hizo reparaciones y mejoras a la propiedad en cuestión, lo procedente es revocar la sentencia apelada y devolver el caso a la corte de distrito de su origen para que ésta ordene la restitución recíproca, previa determinación por ella tras una vista a celebrarse con ese único fin, del valor de dichas reparaciones y mejoras, así como del de los frutos e intereses de que habla el artículo antes citado.

■ Antes de cerrar esta opinión, deseamos hacer constar que si bien la parte demandante no ha apelado y estamos resolviendo tan sólo la apelación interpuesta por el demandado, la sentencia que ahora dictamos favorece también a dicha parte demandante debido a que la misma es indivisible, por ser recíprocas las obligaciones de restituir y pagar. *Oller* v. *Cadierno,* 62 D.P.R. 421, 424.

*La sentencia apelada debe ser revocada.*