Lina Pérez Villamil Romano de Jiménez, demandante y apelada, *v.* Eladio Rodríguez Portela, demandado y apelante.

Núm. 10254.—*Sometido:* Julio 12, 1950. *Resuelto:* Julio 31, 1950.

*Marcos A. Ramírez* y *Eladio Rodríguez Otero,* abogados del apelante; *Juan B. Soto* y *Juan F. Soto,* abogados de la apelada.

El Juez Presidente Señor De Jesús emitió la opinión del tribunal.

Allá para el año 1933 el solar objeto de este pleito, como parte de una finca de mayor cabida, pertenecía en nuda propiedad a la demandante y sus hermanos, y sobre dicha finca de mayor cabida tenía un derecho de usufructo su madre doña Josefa Romano. En el indicado año, el demandado, con el consentimiento de Ramón Pérez Villamil, hermano de la demandante, empezó a ocupar el solar sin pagar canon o merced alguna y con el consentimiento de la usufructuaria construyó allí un edificio que dedicó a su negocio de venta de materiales de construcción. Algún tiempo después, en el mismo año 1933, el demandado empezó a pagar canon de

arrendamiento hasta que falleció la usufructuaria el 8 de septiembre de 1947. El canon de arrendamiento durante todos esos años fluctuó entre $10 y $25 mensuales; pero una vez ocurrido el fallecimiento de la usufructuaria y consolidado el pleno dominio en los dueños de la nuda propiedad, éstos rehusaron recibir cánones de arrendamiento por el solar. Posteriormente, se otorgó una escritura de partición de bienes y el solar en cuestión fué adjudicado a la demandante, quien el 18 de marzo de 1949 instó el presente pleito en la corte inferior.

El demandado, al contestar la demanda adujo como materia de defensa, que no procedía la acción de desahucio en precario interpuesta en este caso,(1) toda vez que el contrato de arrendamiento de mes a mes que tenía con la usufructuaria, había sido prorrogado a virtud de lo dispuesto en el artículo 12 de la Ley de Alquileres Razonables, según fué enmendado por la Ley núm. 201, aprobada el 14 de mayo de 1948, pág. 575, y que siendo ello así, la corte inferior carecía de jurisdicción, ya que los alquileres computados por una anualidad no excedían de $1,000.

La corte inferior declaró con lugar la demanda y dictó sentencia decretando el desahucio. El único error que en apoyo de su recurso señaló el demandado, es el de no haberse aplicado el artículo 12 de la Ley de Alquileres Razonables, según fué enmendado por la Ley núm. 201 de 1948. En consonancia con dicho artículo, llegado el día del vencimiento de un contrato de arrendamiento, aunque cambie el dueño o el titular arrendador, el contrato se prorrogará obligatoriamente para el arrendador y potestativamente para el inquilino o arrendatario, sin alteración de ninguna de sus cláusulas, todas las cuales se reputarán vigentes. Pero la demandante sostiene que ese precepto legal por sus pro-

---

(1) También alegó como materia de defensa la accesión, pero esa defensa la renunció expresamente en su alegato al decir:

"Por motivo de la declaración de hechos probados dictada por el Hon. Juez de la Corte inferior, la parte demandada abandona para los efectos de esta apelación la defensa de accesión a que se refieren las alegaciones."

pios términos, se aplica solamente cuando existe contrato de arrendamiento, y que en el presente caso el que existió se extinguió con la muerte de la usufructuaria antes de la enmienda al artículo 12, e invocó el artículo 409 del Código Civil que prescribe:

"Podrá el usufructuario aprovechar por sí mismo la cosa usufructuada, arrendarla a otro, y enajenar su derecho de usufructo aunque sea a título gratuito; pero todos los contratos que celebre como tal usufructuario se resolverán al fin del usufructo, salvo el arrendamiento de las fincas rústicas, el cual se considerará subsistente durante el año agrícola."

Arguye el apelante que la frase "titular arrendador" se introdujo en el artículo 12 al ser enmendado por la Ley núm. 201 de 1948 con el propósito de incluir los arrendamientos celebrados por un usufructuario; y que por consiguiente, dicho artículo enmendado es decisivo del presente caso, no obstante lo prescrito por el artículo 409 del Código Civil.

No cabe duda de que con arreglo al artículo 409 el contrato celebrado entre la usufructuaria y el demandado quedó extinguido con el fallecimiento de la usufructuaria acaecido el 8 de septiembre de 1947. De suerte que cuando el 14 de mayo de 1948 entró en vigor la enmienda al artículo 12 de la Ley de Alquileres Razonables, hacía varios meses que la extinción del contrato era un hecho consumado, y si bien el demandado continuaba en posesión del solar, dicha posesión era en precario, y como el claro propósito del artículo 12 es prorrogar contratos de arrendamiento, dicho precepto no puede aplicarse a contratos que habían dejado de existir antes de regir la enmienda.

El caso de *Font* v. *Echeandía*, 67 D.P.R. 244, invocado por el apelante no es pertinente. Allí se trataba de una acción pendiente y el efecto del artículo 12 de la Ley de Alquileres Razonables de 1946 no fué revivir una acción ya extinguida, sino suspender durante la emergencia la prosecución de una causa de acción pendiente.

*Procede la confirmación de la sentencia.*