JOAQUÍN ROVIRA TOMÁS, demandante y recurrido, *v.* SECRETARIO DE HACIENDA, demandado y recurrente.

*Número:* 605 *Resuelto:* 25 de abril de 1963

174

*J. B. Fernández Badillo, Procurador General,* y *Arturo Estrella, Subprocurador General,* abogados del recurrente; *Celestino Morales, Jr.,* abogado del recurrido.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Joaquín Rovira Tomás y su esposa doña Lucila Palés Díaz otorgaron en 23 de febrero de 1946, la escritura número 12 ante el notario don Ernesto Agostini, sobre Donación, a virtud de la cual donaron dos fincas rústicas que formaban parte de los bienes gananciales del matrimonio, a sus cinco hijos, disponiéndose expresamente en dicha escritura lo siguiente:

"Los donantes se reservan el usufructo de las fincas donadas, y lo que puedan producir, por toda su vida natural, entendido que en caso de fallecimiento de cualquiera de ellos, el superviviente

continuará teniéndolo y recibiendo su producto en su totalidad, hasta que ocurra su muerte."

Doña Lucila Palés Díaz falleció abintestato el día primero de julio de 1959 en la ciudad de San Juan y le sobrevivieron su esposo don Joaquín Rovira Tomás y sus cinco hijos.

Al tramitarse la correspondiente Notificación de Defunción, el Secretario de Hacienda determinó la contribución sobre herencia del señor Rovira Tomás incluyendo entre el caudal hereditario sujeto a dicha contribución, la mitad del valor del usufructo que la sociedad de gananciales se había reservado sobre las dos fincas donadas a sus hijos, y el cual continuó disfrutando íntegramente el señor Rovira Tomás a virtud de la cláusula de la escritura de donación antes transcrita.

Recurrió el contribuyente al Tribunal Superior atacando la indicada determinación del Secretario de Hacienda y después de los procedimientos de rigor, dicho Tribunal, aplicando al caso el Art. 449 del Código Civil (31 L.P.R.A. sec. 1579) preceptivo de que el usufructo constituido en provecho de varias personas vivas al tiempo de su constitución, no se extinguirá hasta la muerte de la última que sobreviviera, falló a favor del contribuyente resolviendo que no procedía la imposición contributiva notificada por el Secretario de Hacienda.

En este recurso se impugna dicho fallo y la cuestión a resolver es si los hechos relatados constituyen un evento tributable bajo las disposiciones de la Ley sobre Herencias y Donaciones.

El fundamento de dicho fallo es erróneo. La inaplicabilidad del Art. 449 del Código Civil salta a la vista. El usufructo que se reservaron los esposos Rovira sobre las dos fincas donadas a sus hijos es un bien ganancial. Lo eran también las fincas. Dicho usufructo no se constituyó en provecho de varias personas vivas, sino a favor de la sociedad legal de gananciales constituida por los esposos Rovira. Y ya

sabemos que dicha sociedad es una entidad separada y distinta de los cónyuges que la componen. *Echevarría v. Despiau*, 72 D.P.R. 472 (1951); *Rivera v. Casiano*, 68 D.P.R. 190 (1948); *Rosaly v. Ríos*, 63 D.P.R. 836 (1944); *Pérez v. Registrador*, 62 D.P.R. 789 (1944); *Ex Parte García*, 54 D.P.R. 503 (1939). La usufructuaria era pues una entidad jurídica. La reserva del usufructo se hizo a favor de dicha entidad y no a favor de cada uno de los cónyuges individualmente. No se trata pues del disfrute simultáneo por marido y mujer como dos usufructuarios distintos. Cuando el disfrute es simultáneo (consiste en aprovecharse varios individuos a un mismo tiempo de las utilidades de una sola cosa), se establece una especie de cousufructo. A falta de contrato o disposiciones especiales, las reglas aplicables para las relaciones entre los copartícipes, serán las de la comunidad de bienes. 4 Manresa, *Código Civil Español*, pág. 413. Tales reglas no rigen la sociedad legal de gananciales. Ésta se rige por sus propias reglas comprendidas en los Arts. 91 y 1295 a 1326 del Código Civil.

■ Ahora bien, la cláusula de reserva del usufructo a favor de los esposos Rovira dispuso "que en caso de fallecimiento de cualquiera de ellos, el superviviente continuará teniéndole y recibiendo su producto en su totalidad hasta que ocurra su muerte". ¿Cuál es el alcance, efecto o significado legal de esta disposición? No es una donación *inter vivos*, primero, porque sólo produce efecto por muerte del donante, y segundo, porque será nula toda donación entre los cónyuges durante el matrimonio, con excepción de los regalos módicos, según declara el Art. 1286 del Código Civil. [1]

---

[1] "Las donaciones entre cónyuges son, pues, nulas por regla general. Quiere esto decir que legalmente no existen. No se trata, en nuestra opinión, de un acto anulable a voluntad del donante, sino de un acto inexistente, porque declararlo anulable equivaldría a dejar el cumplimiento de la ley a merced de la voluntad de los mismos cónyuges que la quebrantasen, quedando válidas las donaciones prohibidas por el no ejercicio de la acción durante cuatro años, lo cual es un absurdo." (9 Manresa, *Código Civil Español*, pág. 256.)

Sin embargo, la ley no prohibe a los cónyuges hacerse durante el matrimonio donaciones para producir efecto por muerte del donante, o sea, las llamadas donaciones "mortis causa",[2] sin perjuicio, desde luego, de las legítimas.[3] Pero estas donaciones *mortis causa* participan de la naturaleza de las disposiciones de última voluntad, y se rigen por las reglas establecidas para la sucesión testamentaria. Art. 562 del Código Civil (31 L.P.R.A. sec. 1985). Por lo tanto, la forma de hacer dichas donaciones es el testamento porque en realidad se trata de una disposición de bienes para después de la muerte aunque se hable de donaciones. 5 Manresa, *Código Civil Español*, pág. 107. La donación *mortis causa* hecha en una escritura pública o en otro documento que no revista las formalidades de un testamento es nula. Sentencias del Tribunal Supremo de España de 3 de enero de 1905 y 24 de abril de 1909. En su consecuencia al ocurrir el fallecimiento de la señora Rovira, nada adquirió su viudo mediante transmisión testamentaria, siendo como es nula la reserva del usufructo a favor del cónyuge supérstite consignada en la escritura de donación. No produciendo efectos legales esta cláusula a favor del señor Rovira, puede afirmarse que el usufructo que a su esposa hubiera correspondido de haberse disuelto la sociedad de gananciales por causa distinta a la muerte, quedó extinguido con su muerte y conso-

---

[2] "El art. 1.334, como todos los anteriores, habla de donaciones entre vivos, de donaciones propiamente dichas, y ésas, si se hiciesen, son nulas; pero no prohibe, ni puede prohibir, porque la prohibición constituiría una gran injusticia, que para después de la muerte uno de los cónyuges premie el amor, el desinterés, la ayuda eficaz y los sacrificios del otro con una manda o, si se quiere, donación *mortis causa*, de más o menos importancia, y aun con toda su herencia, si así fuere posible, por no quedar personas con derecho a legítima. Ni vemos posible otra solución, ni creemos que ningún legislador, a pretexto de prohibir las donaciones entre cónyuges, se atreva a adoptar un sistema más radical, equivalente a castigar al viudo, por el hecho solo de haberse casado, con la pena de incapacidad relativa para suceder a su difunto cónyuge." (9 Manresa, *Código Civil Español*, pág. 255.)

[3] El Art. 578 del Código Civil (31 L.P.R.A. sec. 2023) dispone que nadie puede dar, por vía de donación, más de lo que pueda dar por testamento.

lidado en los nudos propietarios. Art. 441 del Código Civil (31 L.P.R.A. sec. 1571) y Art. 409 del mismo Código (31 L.P.R.A. sec. 1520); *Pérez* v. *Rodríguez*, 71 D.P.R. 783 (1950).

El disfrute total por el señor Rovira de las fincas donadas carece de base legal. Se produce aquí, quizás, una renuncia abdicativa de los donatarios a la mitad de los frutos y utilidades de dichas fincas, ya que si bien produce una disminución en el patrimonio de los renunciantes por la voluntad unilateral de éstos, es insuficiente para producir un aumento en el patrimonio del señor Rovira.

■ Estamos frente a un problema contributivo. Para que un evento sea tributable debe estar incluido en la Ley de Donaciones y Herencias. En el reciente caso de *Manautou* v. *Srio. de Hacienda*, 87 D.P.R. 185 (1963) dijimos: "Se deduce, pues, que para que pueda imponerse la contribución dispuesta por dicha ley es necesario que la transacción o transferencia efectuada esté incluida o comprendida dentro de algunas de las definiciones de la Sec. 1, 13 L.P.R.A. sec. 881."

■ De la amplia y abarcadora definición del término "donación" hecha en la ley, la única de posible consideración es aquélla que la define como "toda transferencia que se haga por herencia, por testamento o abintestato", ya que las demás definiciones ni remotamente incluyen una transacción como la que estamos considerando. (⁴) Y ya hemos visto, por las razones consignadas anteriormente, que la esposa del contribuyente señor Rovira no hizo a éste una donación eficaz en derecho y que tampoco es su heredero abintestato en la mitad del usufructo objeto de la contribución. La otra situación que de hecho se produce, al consentir unilateralmente los donatarios que su padre continúe en el disfrute total de las dos fincas, es un evento no incluido o comprendido dentro de la definición de "donación".

---

(⁴) Véase *Freeman* v. *Srio. de Hacienda*, 82 D.P.R. 307 (1961).

*En su consecuencia, y aunque por diferentes fundamentos, se confirmará la sentencia del Tribunal Superior.*