# 96 DTA 87

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE ARECIBO Y UTUADO

JOSE R. MENA DIAZ, MELISSA VENTURA JUAN Y LA SOC.
LEGAL DE GANS. COMP. POR AMBOS
Demandantes-Recurridos

v.

MIGUEL RIVERA ROMAN, JANE DOE (ESPOSA) Y LA SOC. LEGAL DE GANS.
POR ELLOS CONSTITUIDA; CIA. DE SEGUROS X,
ASEGURADORA DE MIGUEL RIVERA ROMAN
Demandados-Peticionarios

Núm. KLCE-95-0559

San Juan, Puerto Rico, a 13 de febrero de 1996

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Panel integrado por su presidente, Juez Gierbolini
y los Jueces Salas Soler y Giménez Muñoz

## TEXTO COMPLETO DE LA RESOLUCION

Se recurre ante nos de una resolución del Tribunal de Primera Instancia que dejó sin efecto la sentencia desestimatoria que dictara en virtud de las disposiciones de la Regla 4.3 (b) de Procedimiento Civil, 32 L.P.R.A. Ap. III R 4.3. Denegamos el auto solicitado.

I

Según se desprende de los autos del caso, los demandantes-recurridos estuvieron envueltos en un accidente automovilístico acaecido el 2 de noviembre de 1992, que motivó la radicación de una demanda el 13 de octubre de 1993 y la expedición de emplazamientos contra los demandados nombrados, Miguel Rivera Román, su esposa Rosa Maldonado y la sociedad legal de gananciales por ellos constituida. El 14 de octubre de 1993, la señora Maldonado fue emplazada, pero no así el señor Rivera, lo que motivo la radicación de una moción de desestimación por no haberse emplazado al señor Rivera ni haberse éste sometido a la jurisdicción del Tribunal. En vista de la *"Replica y Expedición de Emplazamiento"* presentada por la parte demandante, el Tribunal de Instancia ordenó la expedición de emplazamiento y ordenó se emplazara al señor Rivera Román luego de que, por declaración jurada que se presentara, se intentara justificar las gestiones para emplazar sin lograrlo. Así las cosas, y habiendo transcurrido en exceso los seis meses que dispone la Regla 4.3(b) de Procedimiento Civil para lograr el emplazamiento, la parte demandada solicitó el archivo del caso. ■ El Tribunal de Instancia emitió, entonces, sentencia el 17 de agosto de 1994, notificada y archivada en autos el 18 de agosto, ordenando el archivo del caso, por no haberse diligenciado el emplazamiento dentro del término de seis meses.

Presentada una solicitud de reconsideración de la sentencia el 8 de septiembre de 1994, el Tribunal la acogió y emitió resolución el 26 de mayo de 1995, dejando sin efecto la sentencia notificada el 18 de agosto. Señaló el Tribunal en su resolución que había procedido al archivo *"por no tener el documento de emplazamiento negativo en el expediente"* y que luego de evaluar el expediente, procede llevar a cabo *"un análisis y balance racional y justiciero"* del mismo. En lo relativo a la esposa del señor Rivera Román, Rosa M. Maldonado, el Tribunal determinó que había sido emplazada en su carácter personal y como representante de la sociedad de bienes gananciales.

En el recurso que fuera instado ante nos, señala el demandado-peticionario que se cometió error al dejar sin efecto una sentencia ya final y firme en virtud de una reconsideración radicada tardíamente.

## II

De conformidad con lo preceptuado en la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III R 47, la parte adversamente afectada por una resolución, orden o sentencia, puede dentro del término de 15 días, desde la fecha de la notificación de la resolución o archivo en autos, presentar una moción de reconsideración. En la computación del término prescrito no se cuenta el día en que se realiza el acto o evento después del cual el término fijado empieza a correr y el último día del término se incluye, siempre que no sea sábado, domingo o día de fiesta legal, extendiéndose el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado. Regla 68.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III R 68.1.

En el caso de autos, la sentencia fue dictada el 17 de agosto y archivada en autos el 18 de agosto de 1994. El último día hábil para presentar la moción de reconsideración fue el 2 de septiembre de 1994, viernes, por lo que la reconsideración presentada en Instancia el 8 de septiembre de 1994, resultó tardía. Por ello, el Tribunal, salvo por lo que resolvemos más adelante, carecía de jurisdicción para considerar y resolver la misma.

Sin embargo, de un análisis del trámite procesal del caso se desprende que el demandado solicitó y obtuvo la desestimación de la acción por cuanto el co-demandado Miguel Rivera Román, no había sido emplazado dentro del término de seis meses, según lo dispone la Regla 4.3 (b). Esta sentencia no podía afectar la reclamación instada en contra de los co-demandados Rosa Maldonado y la sociedad legal de gananciales, por lo que subsiste la acción contra Rosa Maldonado y la sociedad legal de gananciales. Pero hay más.

Se ha dicho que la sociedad legal de gananciales es una entidad jurídica, separada y distinta de los miembros que la componen. *Rovira Tomás v. Secretario de Hacienda*, 88 D.P.R. 173 (1963); *Cruz Viera v. Registrador*, 118 D.P.R. 911 (1987). También se ha señalado que es una entidad económica familiar, *sui generis*, de características especiales, que no tiene el mismo grado de personalidad jurídica de las sociedades ordinarias. *Torres v. Autoridad de Fuentes Fluviales*, 96 D.P.R. 648 (1968). La sociedad legal de gananciales no absorbe la personalidad individual de los cónyuges que la integran.

De otra parte, el Artículo 93 del Código Civil, 31 L.P.R.A. sec. 286, establece que salvo lo dispuesto en el Artículo 91 de este Código, *"cualquiera de los cónyuges **podrá representar legalmente a la sociedad conyugal.** Cualquier acto de administración unilateral de uno de los cónyuges obligará a la sociedad legal de gananciales".* (Enfasis nuestro) El Artículo 91 ██ se refiere a que ambos cónyuges serán los administradores de la sociedad legal de gananciales y podrán obligar unilateralmente la sociedad en la adquisición de bienes destinados al uso de la familia, pero exige el consentimiento escrito de ambos para la enajenación a título oneroso de los bienes de la sociedad. Así vemos que los Artículos 91 y 93 (enmendados en 1976) otorgan a ambos cónyuges iguales facultades como administradores y adjudica a ambos la representación legal. ██

Respecto a la sociedad conyugal se ha reconocido que con el emplazamiento de uno sólo de los coadministradores de la sociedad es posible adquirir jurisdicción sobre la misma *International Charter v. Registrador*, 110 D.P.R. 862 (1981) No obstante, se ha dicho que la mejor Práctica es incluir a ambos cónyuges. *Alicea Alvarez v. Valle Bello, Inc.*, 111 D.P. .R. 847 (1982).

En *Alicea Alvarez v. Valle Bello Inc. supra*, al interpretarse el Artículo 91 según enmendado, fue resuelto que la falta de notificación de un emplazamiento a la esposa en una acción dirigida contra el marido como la sociedad por ellos constituida, no lesiona los derechos de la mujer. Se aclaró, además, la necesidad de incluir ambos cónyuges, aunque existe la posibilidad de que la defensa del interés social por uno sólo de los cónyuges no se ejercite con la debida eficiencia o que exista incompatibilidad entre los cónyuges respecto a la defensa de su interés dentro de la sociedad.

En *Pauneto v. Núñez Borges*, 115 D.P.R. 591 (1984) al igual que en el caso de autos, la sociedad

legal fue expresamente demandada, objeto de alegaciones y emplazada por mediación de la esposa. En esas circunstancias el emplazamiento de uno de los cónyuges co-administradores de la sociedad bastó para que el Tribunal adquiriera jurisdicción.

En el caso de autos, repetimos habiéndose emplazado dentro del período señalado por la Regla 4.3 antes de que se dictara sentencia por el Tribunal, es claro que Instancia adquirió jurisdicción sobre los demandados, tanto sobre la Sra. Rosa Maldonado y la sociedad legal de gananciales, porque fue emplazada como coadministradora de la sociedad legal. De otra parte el señor Rivera como miembro de la sociedad emplazada permanece en el pleito.

Por las consideraciones expresadas se deniega el auto solicitado y se devuelven los autos para la continuación de los trámites correspondientes en Instancia.

Así lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 96 DTA 87

**1.** Decimos parte demandada, pues aunque la comparecencia ni la súplica aclara quién comparece en la moción solicitando archivo, es a esta parte a quien pretende beneficiar la moción. La comparecencia se lee así:

*"Comparece el suscribiente abogado y vía defensa afirmativa en nombre y a favor de sus representados informa y solicita..."*.

**2.** 31 L.P.R.A. sec. 284.

**3.** ¿*"Armonía entre el Artículo 91 y 92"*? Véase Vázquez Bote, tomo III, pág 304.