DURÁN ET AL., RECURRENTES, *v.* EL REGISTRADOR, RECURRIDO.

RECURSO gubernativo contra nota denegatoria del Registrador de la Propiedad de San Juan, Sección 2ª.

No. 170.—Resuelto en marzo 6, 1914.

AGRUPACIÓN DE FINCAS—REQUISITOS INDISPENSABLES PARA SU INSCRIPCIÓN.—De acuerdo con el artículo 61 del reglamento de la ley hipotecaria es indispensable para que puedan inscribirse en el registro de la propiedad varias fincas bajo un solo número y como una sola finca que aquellas sean de un solo dueño o de varios dueños en proindiviso, es decir que cada una de las dis-

tintas personas que quieran agrupar los inmuebles ha de tener condominio en cada una de las fincas que deban reunirse.

ID.—BIENES PRIVATIVOS DE UN CÓNYJGE—BIENES GANANCIALES.—De acuerdo con la doctrina establecida en el párrafo anterior no pueden agruparse bienes que corresponden privativamente a uno de los cónyuges con bienes gananciales por ser distinta la personalidad de un cónyuge de la de la sociedad de gananciales.

ID.—PERMUTA DE BIENES ENTRE CÓNYUGES.—Los artículos 1361 y 1444 del Código Civil prohiben el contrato de permuta de bienes entre cónyuges y es por tanto nula una agrupación de bienes por la cual la esposa cede a la sociedad conyugal el dominio que tenía sobre un solar de su exclusiva propiedad a cambio del reconocimiento de un condominio en la totalidad de la finca agrupada.

CASA CONSTRUÍDA SOBRE SOLAR NO INSCRITO.—No estando inscrito o no siendo inscribible un solar tampoco cabe inscribir la casa construída sobre el mismo.

Los hechos están expresados en la opinión.

Abogados de los recurrentes: *Sr. Enrique Márquez Huertas.*

El Registrador Sr. José Benedicto compareció por escrito en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública otorgada en 18 de agosto de 1913 en el pueblo de Bayamón ante el Notario Don Enrique Márquez Huertas, Doña Juana Durán con intervención de su esposo don Francisco Giménez agrupó dos fincas, a saber, una de ellas, letra A, consistente en un solar de 218 metros y 40 centímetros cuadrados con casa de maderas techada de zinc de 8 varas de frente por 8 de fondo, calle de Comerío del pueblo de Bayamón, y la otra, letra B, consistente también en otro solar radicado en la misma calle de Comerío del expresado pueblo de 195 metros 30 centímetros cuadrados, con una casilla de 6 varas de frente por 10 de fondo, viniendo ambas fincas mediante dicha agrupación a formar una sola que se describe así:

"Urbana: Solar radicado en la calle de Comerío de Bayamón, con cuatrocientos trece metros setenta centímetros cuadrados, colindando por su frente o Sur con dicha calle de Comerío; por su fondo o Norte con una calle en proyecto, sin nombre; por el Este o derecha entrando con solar de Sucesores de San Miguel Hermanos y por la

izquierda u Oeste con propiedad de Miguel Granela; conteniendo según inscripciones hechas en el registro de la propiedad, una casa de maderas extranjeras techada de zinc de ocho varas de frente por ocho varas de fondo, con un martillo y cinco puertas al frente; y una casilla terrera, de madera, techada de zinc, de seis varas de frente, por diez de fondo, teniendo esta finca un valor de mil setecientos dollars, libre de cargas."

En dicha escritura de 18 de agosto de 1913 expresó Doña Juana Durán haber construído con fondos o dinero propio, sobre los dos solares indicados una casa de madera, terrera, de 19 varas de frente por 8 de fondo valorada en $1,000, con cuya manifestación estuvo conforme su consorte Don Francisco Giménez, y están también conformes ambos cónyuges en que la adquisición de la finca letra A, se hizo por precio de $1,000, que pagó la Durán con fondos de su propio peculio, siendo por tanto esa finca bien privativo de dicha Durán, conviniendo ésta y su consorte en que al agrupar ese inmueble letra A con el otro letra B se inscriba la finca agrupada con la casa que en ella se ha construído como poseída en común proindiviso por ambos esposos, "conservando así tal Señora Durán como bienes privativos de ella su participación de $1,000 con respecto al valor de esa finca agrupada con las tres casas en ella contenidas, mientras la sociedad de gananciales de ambos esposos conservará la participación en cuanto al resto del valor de ese inmueble agrupado con tales tres casas que contiene."

Presentada en el Registro de la Propiedad de San Juan, Sección 2ª., la expresada escritura de 8 de agosto de 1913 para su inscripción, el registrador la denegó por medio de nota que copiada a la letra dice así:

"Denegada la inscripción del precedente documento, que es la escritura número 87 otorgada en Bayamón el 18 de agosto de 1913 ante el Notario Enrique Márquez Huertas, por los motivos siguientes:

"*Primero,* porque habiendo adquirido Doña Juana Durán, como bien propio, el solar y la casa de 8 varas de frente por 8 de fondo y habiendo edificado con fondos o dinero de ella la casa de nueva construcción, de 19 varas de frente por 8 de fondo, por lo cual le

pertenece también exclusivamente, se agrupan a otra finca de la sociedad conyugal que lleva con su esposo Don Francisco Giménez, siendo los propietarios de dichas fincas personas o entidades legalmente distintas, no pudiendo, por tanto, agruparse aquéllas;

"*Segundo,* porque la finca que adquirió la Sra. Durán, como bien propio, por compra a la Sucesión San Miguel, se cambia y convierte ahora en una participación por mil dollars en el valor total de la finca agrupada; y

"*Tercero,* porque la casa de nueva construcción, que se ha referido, edificada con fondos o dinero de la Sra. Durán, y que por esa razón le corresponde exclusivamente, se transfiere a la sociedad conyugal, lo que envuelve una donación a favor del esposo, convenios todos que están prohibidos entre cónyuges; y en su lugar se ha extendido anotación preventiva, por término legal, a favor de Doña Juana Durán, en cuanto a la participación de mil dollars en el valor de la totalidad de la finca, como bienes privativos de ella, y en cuanto al resto del valor, o sean mil setecientos dollars, a favor de la expresada señora, casada con Don Francisco Giménez, como perteneciente dicho resto a la sociedad legal de ambos esposos, al folio 2 del tomo 46 de Bayamón, finca 2134, anotación letra A.     San Juan, P. R., diciembre 18 de 1913.   El registrador, José Benedicto."

Esa nota está sometida a nuestra consideración a virtud de recurso gubernativo interpuesto contra ella por los consortes Doña Juana Durán y Don Francisco Giménez.   La estimamos bien fundada.

Según el artículo 61 del Reglamento General para la ejecución de la Ley Hipotecaria, para que puedan inscribirse en el Registro de la Propiedad bajo un solo número y como una sola, varias fincas, es requisito necesario que éstas pertenezcan a un mismo dueño o a varios proindiviso.   De modo que, transcribimos las palabras del registrador recurrido en su alegato, "es indispensable que las fincas que se traten de agrupar sean de un solo dueño o de varios proindiviso, es decir, que cada una de las distintas personas que quieran agrupar los inmuebles ha de tener condominio en cada una de las fincas que deban reunirse."

La finca que como una pretenden registrar los esposos recurrentes, comprende las que dejamos designadas con las

letras A y B, perteneciente la primera a Doña Juana Durán
como bien privativo de ella, y la segunda a la sociedad con-
yugal de la Durán y Don Francisco Giménez, cuyas fincas
no pueden agruparse por pertenecer a entidades distintas,
pues entidades distintas son la esposa doña Juana Durán
y la sociedad conyugal de ella y su consorte Don Francisco
Giménez.

   La misma parte recurrente ha reconocido la necesidad
de llenar el requisito expresado para que pueda verificarse
la inscripción de las dos fincas A y B agrupadas en una sola
y bajo un mismo número, pues mediante la escritura de 18
de agosto de 1913 ha intentado conseguir que esas fincas y
una casa de nueva construcción existente en la finca agrupada,
pertenezcan a una sola entidad jurídica en común o proindi-
viso, o sea a la sociedad conyugal, reconociéndose a la esposa
sobre la finca agrupada una participación de $1,000 en com-
pensación del dominio exclusivo que la asistía sobre la finca
letra A.

   Pero es que el medio puesto en práctica para llegar al
fin deseado es ineficaz, pues el reconocimiento de un condo-
minio a favor de la Durán por valor de $1,000 sobre la finca
agrupada, cediendo ella a la sociedad conyugal el dominio
que le asistía sobre la finca letra A y adquiriendo así el ma-
rido participación en una finca privativa de su esposa, en-
vuelve un convenio entre marido y mujer que reviste los
caracteres de contrato de permuta entre ellos y que como pro-
hibido por la ley entraña vicio de nulidad. Artículos 4, 1361
y 1444 del Código Civil.

   Por lo que toca a la casa construída en los solares letras
A y B de cuya agrupación se trata, ya se considere dicha casa
como bien privativo de la esposa, ya como perteneciente a la
sociedad conyugal, su inscripción ha sido bien denegada, pues
según lo convenido en la escritura de 18 de agosto de 1913
la finca agrupada había de inscribirse con la casa que en ella
se había construído, y como la finca agrupada que comprende
los solares en que ha sido construída la casa no es inscri-

bible, tampoco puede serlo la casa. *Hernández* v. *El Regis-trador de la Propiedad,* 16 D. P. R., 464. *Solá* v. *El Regis-trador,* 19 D. P. R., 58.

Por las razones expuestas es de confirmarse la nota re-currida.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.