José Vargas Vargas, recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

No. 723.—*Sometido:* Mayo 28, 1928. *Resuelto:* Mayo 29, 1928.

*Nazario & García Méndez,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

José Vargas Vargas hizo tramitar en la Corte de Distrito de Mayagüez un expediente de dominio con relación a una finca rústica de treinta y dos cuerdas en el barrio Santa Rosa, término de Lajas, y de la que adquirió la mitad por herencia de su padre, y la otra mitad por compra a Juan Gualberto Vargas, siendo el comprador, a la fecha de esta última adquisición, casado con Eleuteria Peraza. Dictada por la corte resolución declaratoria del dominio, y presentada al Registro de la Propiedad de San Germán, el registrador no admitió la inscripción, y puso la nota denegatoria, fundándose en que no se pueden agrupar dos fincas de las que una es privativa, y la otra adquirida con la presunción de ganancial. Contra esa nota se interpuso el presente recurso.

El artículo 61 del Reglamento para ejecución de la Ley Hipotecaria, dice así:

"Artículo 61. Se inscribirán bajo un solo número si los interesados lo solicitaren, considerándose como una sola finca, con arreglo al artículo 8 de la ley y para los efectos que el mismo expresa:

"*Primero.* Las propiedades rústicas conocidas con los nombres de haciendas, cafetales, ingenios, vegas, estancias, sitios, potreros, etc., que formen un cuerpo de bienes dependientes o unidos, con uno o más edificios y una o varias piezas de terreno con arbolado o sin él, aunque éstas no linden entre sí ni con el edificio, con tal que pertenezcan al mismo cuerpo de bienes y a una sola persona, o a varias *pro indiviso,* y aun cuando afecten al mismo gravámenes o derechos reales, correspondientes a una sola persona o a varias, y se componga de distintas suertes o porciones dadas en enfiteusis. Para los efectos de la inscripción se considerará único el señorío directo, aunque sean varios los que a título de dueños directos cobren rentas o pensiones de una finca, siempre que ésta no se halle dividida entre ellos por el mismo concepto.

"*Segundo.* Toda finca urbana y todo edificio, aunque perte-

nezca en porciones señaladas, habitaciones o pisos, a diferentes due-
ños, en dominio pleno o menos pleno.

"*Tercero.* Todo edificio o albergue situado fuera de poblado,
con todas sus dependencias y anejos, como corrales, cobertizos, palo-
mares, etc., aunque pertenezca a varios dueños *pro indiviso,* esté
afecto a gravámenes o derechos reales, correspondientes a una o va-
rias personas, y se halle dividido en suertes o porciones dadas en
enfiteusis.

"*Cuarto.* Las piezas de tierra colindantes que pertenezcan a un
mismo dueño, o a varios *pro indiviso,* aunque no tengan albergue
alguno ni sean de idéntica procedencia u origen, y hayan llegado al
último adquirente por diversos títulos.

"Cuando el derecho real o gravamen que afecte al conjunto de
fincas a que se refiere el número 1 estuviere dividido en fracciones
y se determinaren las fincas gravadas con cada fracción, éstas po-
drán inscribirse con separación de las demás y con número distinto,
aunque formando grupo entre sí todas las que queden afectas a una
misma fracción del gravamen.

"Si cualquiera de las agrupaciones de fincas que puedan inscri-
birse bajo un solo número, conforme a lo dispuesto en este artículo,
estuviere enclavada en los términos de dos o más ayuntamientos, se
inscribirá en el registro especial de cada uno de ellos la parte co-
rrespondiente al mismo, expresándose al final de la inscripción que
las fincas objeto de ella, en unión con las demás, cuyos números, fo-
lios y libros se citaran, constituyen ——(la hacienda, cafetal, estan-
cia, etc.), e indicando el nombre, si lo tuviere, o en otro caso, la de-
nominación con que fuere conocida dicha agrupación.''

Este tribunal ha sostenido, en su integridad el principio
que aparece del artículo 61 antes citado. En los casos *Muñoz*
v. *Registrador,* 25 D.P.R. 842, y *Vilá* v. *Registrador,* 27 D.P.R.
929, que cita el registrador en su nota, y que son de estricta
aplicación al caso presente, se ha mantenido la doctrina de
la imposibilidad legal de hacer agrupaciones de bienes pri-
vativos y bienes gananciales.

En este caso se alega por el recurrente que no hay agru-
pación, porque la finca de 32 cuerdas es la que heredaron de
Don Eleuterio Vargas sus hijos José y Juan Gualberto, y
que la herencia fué por mitades indivisas. No importa que
así fuera. La indivisión en ese caso afecta a la materialidad

de las posiciones de la finca que han de ser de uno u otro de los hermanos partícipes; pero la propiedad se halla, ante la ley, dividida en dos partes o mitades, y con cada una de ellas va el título correspondiente. La compra hecha por el recurrente José Vargas a su hermano Juan Gualberto Vargas, siendo el comprador casado, da a esa parte comprada el carácter de presunto ganancial, y entonces, el dueño presunto de esa parte no es el recurrente José Vargas, sino la sociedad de gananciales constituida por la ley entre él y su esposa Eleuteria Peraza. De manera que, en cuanto a una mitad de la finca el título es el gratuito hereditario a favor del recurrente, y en cuanto a la otra mitad lo es el oneroso de compra, con la presunción de bien ganancial de la sociedad José Vargas y Eleuteria Peraza.

*Se confirma la nota denegatoria* del Registrador de la Propiedad de San Germán, objeto de este recurso.