Ex parte Julio García Oliver, peticionario y apelante.

Núm. 7666.—*Sometido:* Enero 27, 1939. *Resuelto:* Marzo 17, 1939.

H. *Torres Solá,* abogado del apelante; *E. Ponsa Parés,* Fiscal del Distrito de Bayamón, por El Pueblo, no compareció.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Julio García Oliver, casado con Aurora Rodríguez, presentó un escrito en la Corte de Distrito de Bayamón interesando que previo los trámites legales se declarase justificado a su favor el dominio que alegó tener sobre una finca rústica de siete y media cuerdas radicada en el barrio Camarones, del término municipal de Guaynabo. Expuso en el citado escrito, además de las alegaciones que requiere la ley, que una cuarta parte de la finca la había adquirido por herencia de su madre y las tres cuartas partes restantes por compra a sus hermanos José Alfonso, Josefina y Serafín García Oliver, por escritura número 61 de 10 de julio de 1930 ante el notario José Soto Rivera. Continuó el caso su tramitación hasta que el 12 de mayo de 1937 recayó resolución por la que se denegó la petición, fundándose en que toda vez que una cuarta parte de la finca pertenecía privativamente al peticionario y el resto a la sociedad de gananciales por haber sido adquirido durante su matrimonio con Aurora Rodríguez, no procedía declarar justificado el dominio *"por ser doctrina establecida la imposibilidad legal de hacer agrupaciones de bienes privativos y bienes gananciales."* Citó a continuación la corte el artículo 61 del Reglamento para la ejecución de la Ley Hipotecaria y los casos de *Muñoz v. Registrador,* 25 D.P.R. 842, y *Vilá v. Registrador,* 27 D.P.R. 929, y terminó citando en extenso del caso de *Vargas v. Registrador,* 38 D.P.R. 237, 239. Después de dictada la anterior resolución, el letrado H. Torres Solá asumió la representación del peticionario. Radicó una moción que tituló "Moción para que se permita radicar una solicitud complementaria enmendada abriéndose el caso para que continúe sus trámites." Acompañó dicha moción de un nuevo escrito titulado "Solicitud complementaria enmendada," en el cual reprodujo las alegaciones del escrito original, y luego de referirse a los trámites seguidos anteriormente, terminó con la siguiente súplica:

"Por todo lo cual, el peticionario solicita del Hon. Tribunal se le permita radicar complementaria enmendada (*sic*), y considerando la evidencia practicada, el dictamen del Fiscal y la presente petición, se declare justificado por esta Corte el dominio de la descrita finca a favor del peticionario privativamente en cuanto a una cuarta parte indivisa, y en cuanto a tres cuartas partes indivisas, a nombre de la sociedad de gananciales entre el peticionario y su esposa doña Aurora Rodríguez, ordenándose la inscripción del descrito inmueble en la indicada proporción y en proindiviso, a favor de esas entidades en el Registro de la Propiedad correspondiente, mediante certificación que expida el Secretario al efecto."

Señaló la corte día para oír a las partes y finalmente denegó las pretensiones del peticionario, fundándose de nuevo en el caso de *Vargas* v. *Registrador,* supra. Contra esta resolución se interpuso por el peticionario el presente recurso. En su alegato imputa a la corte sentenciadora la comisión de un solo error:

"El cometido al resolver que no ha lugar a la solicitud complementaria enmendada para abrir de nuevo el caso y con vista de esa solicitud y de la prueba ya aportada a declarar justificado el dominio del inmueble en cuanto a una cuarta parte indivisa a favor del peticionario y en cuanto a tres cuartas partes indivisas a favor de la sociedad de gananciales."

En el caso de *Vargas* v. *Registrador,* supra, que sirvió de base a la resolución apelada, José Vargas hizo tramitar en la Corte de Distrito de Mayagüez un expediente de dominio con relación a una finca rústica de treinta y dos cuerdas, de la que adquirió la mitad por herencia de su padre y la otra mitad por compra a Juan Gualberto Vargas siendo el comprador a la fecha de esta última adquisición casado con Eleuteria Peraza. Dictada por la corte resolución declaratoria de dominio y presentada en el Registro de la Propiedad de San Germán, el registrador denegó la inscripción fundándose en que no se pueden agrupar dos fincas de las cuales una es privativa y la otra adquirida con la presunción de ganancial. Contra esa nota Vargas interpuso un recurso gubernativo, y esta corte, después de transcribir el artículo 61 del Regla-

mento para la ejecución de la Ley Hipotecaria, al confirmar la nota del registrador se expresó en los siguientes términos:

"Este Tribunal ha sostenido, en su integridad, el principio que aparece del artículo 61 antes citado. En los casos de *Muñoz* v. *Registrador*, 25 D.P.R. 842, y *Vilá* v. *Registrador*, 27 D.P.R. 929, que cita el registrador en su nota, y que son de estricta aplicación al caso presente, se ha mantenido la doctrina de la imposibilidad legal de hacer agrupaciones de bienes privativos y bienes gananciales.

"En este caso se alega por el recurrente que no hay agrupación, porque la finca de 32 cuerdas es la que heredaron de Don Eleuterio Vargas sus hijos José y Juan Gualberto, y que la herencia fué por mitades indivisas. No importa que así fuera. La indivisión en ese caso afecta a la materialidad de las porciones de la finca que han de ser de uno u otro de los hermanos partícipes; pero la propiedad se halla, ante la ley, dividida en dos partes o mitades, y con cada una de ellas va el título correspondiente. La compra hecha por el recurrente José Vargas a su hermano Juan Gualberto Vargas, siendo el comprador casado, da a esa parte comprada el carácter de presunto ganancial, y entonces, el dueño presunto de esa parte no es el recurrente José Vargas, sino la sociedad de gananciales constituída por la ley entre él y su esposa Eleuteria Peraza. De manera que, en cuanto a una mitad de la finca el título es el gratuito hereditario a favor del recurrente, y en cuanto a la otra mitad lo es el oneroso de compra, con la presunción de bien ganancial de la sociedad José Vargas y Eleuteria Peraza."

El artículo 61 del Reglamento para la ejecución de la Ley Hipotecaria que sirve de base a la opinión de este tribunal en el caso de Vargas, en lo pertinente dice así:

"Artículo 61.—Se inscribirán bajo un solo número si los interesados lo solicitaren, considerándose como una sola finca, con arreglo al artículo 8 de la ley y para los efectos que el mismo expresa:

"*Primero.*—Las propiedades rústicas conocidas con los nombres de haciendas, cafetales, ingenios, vegas, estancias, sitios, potreros, etc., que formen un cuerpo de bienes dependientes o unidos, con uno o más edificios y una o varias piezas de terreno con arbolado o sin él, aunque éstas no linden entre sí ni con el edificio, con tal que pertenezcan al mismo cuerpo de bienes y *a una sola persona, o a varias pro indiviso*, y aún cuando afecten al mismo gravámenes o derechos reales, correspondientes a una sola persona o a varias, y se componga

de distintas suertes o porciones dadas en enfiteusis. Para los efectos de la inscripción se considerará único el señorío directo, aunque sean varios los que a título de dueños directos cobren rentas o pensiones de una finca, siempre que ésta no se halle dividida entre ellos por el mismo concepto.

"*        *        *        *        *        *        *

El concepto de "agrupación" implica necesariamente la existencia de dos o más fincas que formen un cuerpo de bienes dependientes o unidos, aunque no linden entre sí, pero que pertenezcan al mismo cuerpo de bienes y a una sola persona o a varias pro indiviso. Claro es que excluye la posibilidad de "agrupar" los distintos condominios de una sola finca, que no son otra cosa que partes alícuotas de una unidad: la finca de que forman parte. No existe ningún precepto legal que impida que una finca perteneciente en parte a uno de los cónyuges y en parte a la sociedad de gananciales se inscriba en el registro de la propiedad, expresando desde luego la parte proporcional correspondiente a cada una de las dos distintas entidades.

Con excepción del caso de Vargas, supra, los distintos casos de agrupación resueltos por este tribunal en que han estado envueltos los intereses de la sociedad de gananciales y de uno de los cónyuges, han sido casos de verdadera agrupación en que se ha intentado agrupar fincas de uno de ellos con otras de la sociedad de gananciales. Véanse por ejemplo los casos de *Durán* v. *Registrador*, 20 D.P.R. 148, *Muñoz* v. *Registrador*, supra, *Berríos* v. *Corte*, 27 D.P.R. 900, y *Vilá* v. *Registrador*, supra.

En el presente caso, como en el de *Vargas* v. *Registrador*, no se trata de una agrupación de fincas distintas, sino de la inscripción de una resolución en que se declara justificado el dominio de una finca a favor de dos entidades distintas, a saber: de uno de los cónyuges privativamente y de la sociedad de gananciales. Que son dos entidades distintas se ha dicho por este tribunal en los casos de *Durán* v. *Registrador* y *Muñoz* v. *Registrador*, supra.

Un ejemplo hará más clara nuestra posición: Vamos a asumir que *A,* casado con *B,* hereda la mitad pro indivisa de una finca debidamente inscrita en el registro de la propiedad, y que más tarde, durante su matrimonio con *B,* adquiere por compra la otra mitad de la misma finca. ¿Existe impedimento legal alguno para inscribir la totalidad de la finca a favor de *A,* expresando en la inscripción que una mitad pro indivisa de la misma la adquirió por herencia y la otra mitad a título de compraventa durante su matrimonio con *B?* Indudablemente que no. De este modo el condominio adquirido por herencia tendría carácter privativo y el segundo tendría la presunción de ganancial. En igual forma puede inscribirse la resolución declarando justificado el dominio de una finca adquirida por uno de los cónyuges en parte por herencia y en parte a título oneroso durante el matrimonio, expresando, desde luego, tanto en la resolución justificativa del dominio como en la inscripción que causare en el registro, qué parte de la finca fué adquirida por herencia y cuál bajo la presunción de ganancial.

La doctrina establecida en el caso de Vargas, que sirvió de base a la resolución apelada, es errónea y nos vemos obligados a revocarla. En aquél, como en este caso, no se trataba de agrupar fincas distintas, sino de inscribir a favor del esposo una resolución declarando justificado el dominio sobre una finca adquirida en parte por herencia y en parte a título oneroso durante el matrimonio.

El artículo 61 del Reglamento para la ejecución de la Ley Hipotecaria no es aplicable al presente caso, pues, como hemos visto, no se trata aquí de agrupación de fincas.

*Por lo expuesto, procede revocar la resolución apelada y devolver el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*