MARGARITA MERCADO RIERA Y SU ESPOSO SALVADOR S. MANDRY ESPINOSA, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD, SECCIÓN DE PONCE, recurrido.

*Número:* G-65-5     *Resuelto:* 27 de junio de 1967

*Raúl Matos* y *Raúl E. Matos,* abogados de los recurrentes. El Registrador recurrido compareció por escrito.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Rigau y Ramírez Bages.

PER CURIAM: Este recurso gubernativo se ha interpuesto contra la denegación de inscripción del Registrador de la Propiedad, Sección de Ponce, respecto a cierta venta judicial.

Margarita Mercado Riera, dos hermanos de ella y los sucesores de otro finado hermano, eran dueños por título de origen hereditario, en común y pro indiviso, por cuartas partes, de unas 24 fincas rústicas situadas mayormente en el término municipal de Ponce. En marzo de 1956 Margarita Mercado Riera radicó una demanda sobre división de comunidad contra los demás condueños, ante la Sala de Ponce del Tribunal Superior, alegando que no deseaba continuar la comunidad y solicitando que se decretara la división o partición de los inmuebles ya mediante adjudicación material

de parte de ellos o mediante la adjudicación de determinados inmuebles a cada uno, en la forma más equitativa posible, adoptándose cualquier medida necesaria para lograr ese fin.

El 23 de enero de 1959 se dictó sentencia favorable a la actora. En lo pertinente, la misma decretó:

"SENTENCIA:—Por todo lo anteriormente expuesto se declara CON LUGAR la demanda en el caso del epígrafe y se ordena y decreta *la venta en pública subasta de todos y cada uno de los bienes inmuebles* a que se refiere la presente acción y que a continuación se describan; por el respectivo precio mínimo que también se expresa seguidamente de la descripción, . . . disponiéndose que una vez efectuada la venta en pública subasta *de los bienes descritos se depositará el importe total del producido de dicha subasta en la secretaría de este Tribunal* y se procederá a repartir por el Secretario la totalidad de las sumas obtenidas por virtud de la subasta en la proporción y de la manera siguiente: *una cuarta parte para la demandante, Margarita Mercado Riera; . . . . La cuarta parte correspondiente a la demandante, Margarita Riera se depositará también en la Secretaría de este Tribunal hasta nueva orden para que ésta dé cumplimiento a la estipulación que concertara con el codemandado, Hon. Secretario de Hacienda de Puerto Rico y aprobada por este Tribunal el día 23 de septiembre de 1958.*

. . . . . . . . .

*El Alguacil de este Tribunal procederá a la venta en pública subasta de todas y cada una de las fincas descritas, individual y separadamente, ateniéndose a las disposiciones del Título 32, L.P.R.A., sección 1134."* (Énfasis suplido.)

El 11 de octubre de 1962 se celebró una subasta pública que quedó desierta respecto a cinco fincas, las primeras cuatro de ellas nombradas: La Catalina, Jaime Seix, Aguayo y Feliz. La quinta, consistente de un predio de 42 cuerdas, del barrio Magueyes, sitio Corral Viejo, no tenía nombre.

Por orden de 26 de noviembre de 1962 el Tribunal dispuso la venta en pública subasta de esas cinco fincas, con sujeción a los siguientes precios mínimos:

Finca Núm. Uno, "La Catalina" ......... $ 40,000.00
   "    "    Dos, "Jaime Seix" .......... 2,000.00
   "    "    Tres, "Aguayo" ............ 1,000.00
   "    "    Cuatro, "Feliz" ............ 140,000.00
   "    "    Cinco, Predio en Corral Viejo . 4,200.00

Se expidió por el secretario mandamiento al alguacil y éste libró y publicó el oportuno edicto anunciando la venta en pública subasta de las cinco fincas expresando, entre otras cosas:

"Que para cumplimentar un MANDAMIENTO que me ha sido expedido por el Secretario de este Hon. Tribunal, procederé a vender y venderé en pública subasta al mejor postor, el día 9 de enero de 1963, a las nueve de la mañana (9:00 A.M.), los inmuebles que se describen más adelante, por los precios mínimos fijados a cada uno de ellos en este anuncio, a saber: [se describen las 5 fincas]

Dicha subasta se efectuará por los precios mínimos fijados a cada uno de los inmuebles descritos. Los compradores en la subasta entrarán en la inmediata posesión de los distintos inmuebles descritos en la demanda y en la sentencia original y el Alguacil suscribiente procederá a entregar la posesión de los mismos al o a los adjudicatarios en la subasta, de acuerdo con la sentencia firme dictada en este caso.

No se admitirán posturas que no sean en dinero efectivo, certificado de depósito o cheque certificado, billetes americanos de curso legal de Estados Unidos de Norte América, que deberán consignarse en el acto de la subasta."

Fue celebrada la subasta en la fecha y hora indicadas en los edictos publicados. A la misma concurrieron, según reza el Acta de Subasta "representantes de las dos partes."

La finca número Tres, denominada Aguayó, fue rematada por Rafael Peralta Carlo, adjudicándosele por el precio mínimo de $1,000.00, totalmente satisfecho en dinero y en el propio acto de subasta.

La comunera demandante Margarita Mercado Riera—casada con Salvador S. Mandry Espinosa—asistió a la subasta representada por su apoderado Pastor Mandry Nones,

quien en su nombre hizo ofertas por las cuatro fincas La Catalina, Jaime Seix, Feliz y Predio Corral Viejo, que eran, por las tres primeras fincas, iguales a los precios mínimos que se les había señalado. La que hizo respecto al predio de Corral Viejo fue por $4,300.00, es decir, por cien dólares en exceso al precio mínimo de $4,200.00.

Aparece del Acta de Subasta que, no obstante haberse hecho ofertas a nombre de la demandante por el precio mínimo de remate respectivo o por poco más de ese precio, y de habérsele otorgado a ella la buena pro en la subasta, el alguacil recibió del apoderado de la comunera licitadora solamente tres cuartas partes del precio allí ofrecido como oferta. El alguacil en el Acta de Subasta hizo constar lo siguiente:

*Respecto a la finca La Catalina:*

"Después de haber leído en alta voz la descripción del inmueble, su nota de inscripción y el precio mínimo anterior, DON PASTOR MANDRY NONES, como apoderado de la demandante, doña Margarita Mercado Riera, *ofreció por el inmueble el indicado precio mínimo de $40,000.00,* y toda vez que dicha demandante es dueña de una cuarta (¼) parte del inmueble, y no habiendo sido mejorada la oferta efectuada a nombre de ella, *le adjudiqué la buena pro,* habiendo recibido un cheque del gerente del Banco de Ponce por la suma de $30,000.00, *que representa las tres cuartas (¾) partes que adquirió en la subasta dicha adjudicataria, quien era dueña de la cuarta parte restante,* según aparece de los autos de este caso."

*Respecto a la finca Jaime Seix:*

"Después de haber leído la descripción de la anterior finca, su precedente nota de inscripción y el precio mínimo de $2,000.00, DON PASTOR MANDRY NONES, como apoderado de la demandante, Doña Margarita Mercado Riera, *ofreció por la citada finca la suma de $2,000.00, precio mínimo fijado en esta subasta.* No habiendo sido mejorada dicha oferta *le adjudiqué la buena pro a la demandante,* Doña Margarita Mercado Riera. *Por ser dueña ésta de una cuarta parte del inmueble en la subasta, por conducto de su apoderado mencionado, satisfizo la suma de $1,500.00* en un cheque del gerente del Banco de Ponce."

*Respecto a la finca Feliz:*

"Después de haber leído la descripción de la anterior finca, su precedente nota de inscripción y el precio mínimo de $140,-000.00, DON PASTOR MANDRY NONES, como apoderado de la demandante, doña Margarita Mercado Riera, *ofreció por la citada finca la suma de $140,000.00, precio mínimo fijado en esta subasta.* No habiendo sido mejorada dicha oferta le adjudiqué la buena pro a la demandante, doña Margarita Mercado Riera. *Por ser dueña ésta de una cuarta parte del inmueble subastado,* por conducto de su apoderado mencionado *satisfizo la suma de $105,000.00* en un cheque del gerente del Banco de Ponce."

*Respecto a Predio Corral Viejo:*

"Después de haber leído en alta voz la descripción del inmueble, su nota de inscripción y el precio mínimo anterior, DON PASTOR MANDRY NONES, como apoderado de Doña Margarita Mercado Riera, ofreció *por el inmueble la cantidad de $4,300.00, y toda vez que dicha demandante es dueña de una cuarta parte del inmueble,* y no habiendo sido mejorada la oferta efectuada a su nombre, le adjudiqué la buena pro, habiendo recibido un cheque del gerente del Banco de Ponce por la suma *de $3,150.00 y la suma adicional de $75.00 en efectivo.*" (Énfasis suplido.)

El 12 de enero de 1963, fue otorgada la escritura Núm. 10 ante el Notario Armando Irizarry Hernández, por el alguacil que celebró la subasta, los esposos Salvador S. Mandry y Margarita Mercado Riera y Rafael Peralta Carlo. Por la misma se ratificó la venta en pública subasta celebrada tres días antes. Sus cláusulas Primera y Segunda dicen en lo pertinente:

"PRIMERA: DON HOMERO NEGRÓN TORRES, como ALGUACIL ... ratifica en todas sus partes la subasta que efectuara, . . . y, en tal virtud, vende, cede, renuncia y traspasa a favor de DOÑA MARGARITA MERCADO RIERA *los condominios de tres cuartas partes en los inmuebles descritos* ... que pertenecían a los demandados, . . . *por ser la compradora dueña de la cuarta parte restante en todos y cada uno de los referidos bienes,* que adquiriera por herencia testada . . . transmitiéndole a la compradora

judicial el pleno dominio *de los condominios de tres cuartas partes en todos y cada uno de los referidos inmuebles, . . . .*

SEGUNDA: Se efectúa esta COMPRAVENTA por el convenido precio de CIENTO TREINTA Y NUEVE MIL SETECIENTOS VEINTICINCO DÓLARES ($139,725.00), que el Alguacil compareciente recibiera de la compradora judicial en el Acto de la Subasta, . . .". (Énfasis suplido.)

Fue presentada dicha escritura para su inscripción respecto a las tres cuartas partes adjudicadas a la demandante sobre las cuatro fincas La Catalina, Jaime Seix, Feliz y Predio del sitio Corral Viejo. El Registrador la denegó por una nota que en lo esencial es como sigue:

"DENEGADO este documento y tomada anotación preventiva por 120 días de los condominios de ¾ partes que adquiere Margarita Mercado Riera y su esposo Salvador S. Mandry Espinosa por compra en pública subasta en las fincas 1, 2, 4 y 5 descritas en las páginas 36 a 38 del mismo, únicas de que se solicita inscripción, allí donde se indica al margen de la descripción de las mismas, por OBSERVARSE:—PRIMERO: Que la función calificadora debe atenerse a lo que resulta de los documentos presentados conforme dispone el artículo 18 de la Ley Hipotecaria y 77 de su Reglamento. SEGUNDO: Que el procedimiento seguido ante el Tribunal, es uno de carácter especial fundado en el artículo 338 del Código Civil invitando a la subasta a terceros extraños. TERCERO: Que conforme se desprende de la orden del Tribunal el alguacil debía vender las fincas en su totalidad, lo que no hizo ya que enajenó condominios. CUARTO: Que en ausencia de autorización expresa el alguacil carece de facultad para modificar la relación jurídica que se crea entre el juez y las partes, en virtud de la sentencia, independientemente de cualquier defecto en las actuaciones que originara aquella. (sección 404, 4 L.P.R.A.)."[1]

---

[1] En la misma fecha el Registrador recurrido denegó la inscripción de varias transacciones posteriores relacionadas con las propiedades subastadas el 9 de enero de 1963. Esas negativas motivaron los once recursos gubernativos numerados G-65-7 a G-65-17.

El G-65-7 se refiere a la escritura Núm. 11, de fecha 12 de enero de 1963, por la cual Margarita Mercado Riera y su esposo Salvador S. Mandry Espinosa venden a Eleuterio Montalvo Ramírez y Felipe Pérez

Ante nos sostienen los recurrentes esposos Mandry Mercado que el Registrador erró (1) al aplicar literalmente los Arts. 18 de la Ley Hipotecaria y 77 de su Reglamento; (2) al determinar que el procedimiento era uno especial fundado en el Art. 338 del Código Civil, ignorando el derecho de un condueño de concurrir como licitador en la subasta;

---

Cortés las fincas La Catalina, Jaime Seix, Feliz y Predio Corral Viejo por el precio de $186,200.00.

El G-65-8 se refiere a la escritura de segregación, compraventa e hipoteca voluntaria, Núm. 166, de fecha 6 de julio de 1963, ante el mismo Notario, mediante la cual los compradores Montalvo Ramírez y Pérez Cortés segregan de la finca Feliz una parcela de terreno de tres cuerdas, la venden a Luis Guillermo León Quintana por $5,250.00, quedando éste a adeudar de ese precio la cantidad de $2,800.00, cuyo pago garantiza con hipoteca sobre esa parcela.

El G-65-9, se refiere a la escritura Núm. 237 de fecha 8 de octubre de 1963, ante el mismo Notario, por la cual los acreedores Montalvo Ramírez y Pérez Cortés cancelan totalmente aquella hipoteca.

El G-65-10, se refiere a la escritura de hipoteca voluntaria, Núm. 20, de fecha 28 de enero de 1964, ante el mismo Notario, mediante la cual Luis Guillermo León Quintana constituye segunda hipoteca sobre la parcela de tres cuerdas y sus edificaciones, en garantía de un pagaré al portador por endoso, por la suma de $10,000.00.

El G-65-11, se refiere a la escritura Núm. 196 de fecha 21 de agosto de 1963, ante el mismo Notario, mediante la cual Montalvo Ramírez y Pérez Cortés, declaran adeudar al Lic. Raúl Matos Balaguer, la suma de $62,198.56 y para su pago completo le trasmiten un condominio de una tercera parte en las fincas La Catalina, Jaime Seix, Feliz y Predio Corral Viejo.

El G-65-12, se refiere a la escritura Núm. 197, de fecha 21 de agosto de 1963, ante el mismo Notario, por la cual los entonces copropietarios Montalvo Ramírez, Pérez Cortés y Matos Balaguer, declaran haber librado un pagaré al portador por endoso, o a su orden, pagadero a su presentación, por la suma de $250,000.00, y para garantizar su pago constituyen hipoteca sobre la finca denominada Feliz.

El G-65-13, se refiere a la denegación de inscripción de una sentencia dictada en un expediente sobre Información de Dominio, por la Sala de Ponce del Tribunal Superior, el 27 de noviembre de 1963, caso Civil CS-63-132, promovido por Montalvo Ramírez y Pérez Cortés, por la que se ordena la inscripción a favor de los promoventes de dos predios de terreno, uno de 10 cuerdas y el otro de 5 cuerdas, por formar parte integrante de la finca La Catalina.

El G-65-14, se refiere a la escritura Núm. 291, de fecha 4 de diciembre de 1963, ante el Notario Armando Irizarry Hernández, mediante la cual Montalvo Ramírez y Felipe Cortés declaran adeudar al Lic. Raúl Matos

(3) al mantener que el alguacil debió haber vendido las fincas en su totalidad y no condominios y (4) al denegar la inscripción.

Punto en contienda a decidir en este recurso: Si el haber satisfecho la postora, y recibido el alguacil, solamente tres cuartas partes del precio que aquélla ofreció por cada finca, y al limitarse entonces la adjudicación a sólo tres cuartas partes de cada inmueble, invalidó, absoluta y necesariamente la venta judicial de sólo esas tres cuartas partes e impidió su inscripción registral.

En la consideración de este recurso debemos tener presentes las siguientes circunstancias: (a) las ofertas o licitaciones respectivas hechas en nombre de la postora Margarita Mercado Riera, según reza el documento denegado, fue por la totalidad de cada una de las fincas La Catalina, Jaime Seix, Feliz y Predio Corral Viejo; (b) el montante de cada oferta sobre esa totalidad, ascendió, y respecto a una finca

Balaguer la suma de $575.00 y para su pago completo le trasmiten un condominio de una tercera parte en los dos predios de terreno que fueron objeto del relacionado expediente de dominio.

El G-65-15, se refiere a la escritura Núm. 129, de fecha 12 de junio de 1964, ante el mismo Notario, por la cual Luis Guillermo León, en garantía de un pagaré librado a favor de Ponce Federal Savings and Loan Association, o a su orden, por la suma de $16,000.00, hipoteca su parcela de tres cuerdas y sus edificaciones, segregada de la finca Feliz.

El G-65-16, se refiere a la escritura Núm. 130, otorgada el 12 de junio de 1964, ante el mismo Notario, por la cual el Lic. Raúl Matos Balaguer y su esposa, como dueños y tenedores del pagaré hipotecario de $10,000.00, librado por Luis Guillermo León Quintana el 28 de enero de 1964—envuelto en el recurso G-65-10—postergan la hipoteca constituida para su pago sobre la parcela de tres cuerdas y sus edificaciones, dándole a la citada hipoteca constituida a favor de Ponce Federal Savings and Loan Association of Puerto Rico, el carácter de primera y preferente, consintiendo en la inscripción registral de dicha postergación y, finalmente,

El G-65-17, se refiere a la escritura Núm. 148, de fecha 7 de julio de 1964, ante el mismo Notario, mediante la cual Rafael Hilera Rozas, en representación de Ponce Federal Savings and Loan Association of Puerto Rico, cancela como dueña y portadora legítima de otro pagaré hipotecario librado por Luis Guillermo León Quintana, la hipoteca que éste constituyó por la escritura Núm. 239 de fecha 10 de octubre de 1963, ante ese Notario, también sobre la misma parcela de tres cuerdas y sus edificaciones.

sobrepasó, al precio mínimo de subasta; (c) ninguna de tales ofertas se refería a condominios; (d) ninguna de ellas fue mejorada por licitador alguno; (e) que, en esas condiciones, el alguacil hizo constar, respecto a cada oferta en el Acta de Subasta: "No habiendo sido mejorada dicha oferta le adjudiqué la buena pro a la demandante, doña Margarita Mercado Riera," y (f) que la inscripción solicitada, así como su denegación posterior, se refieren a esas tres cuartas partes de las fincas.

Fue después de esas ofertas y adjudicaciones de buena pro, y llegado el momento de pagarse en la subasta el precio respectivo de remate ofrecido por cada finca, que ocurre lo que dio motivo a la denegación registral. Entonces, en vez de pagarse totalmente el monto de cada postura, como lo había hecho Peralta Carlo respecto a la finca Aguayo, únicamente se satisface por la postora Margarita Mercado Riera, y se recibe por el alguacil, tres cuartas partes de cada precio ofrecido por ella, en razón de "ser dueña ésta de una cuarta parte del *inmueble subastado*", sin que aparezca del Acta de Subasta que contra ello se hubiera formulado objeción por las otras partes en el caso, por licitador extraño alguno y por persona interesada en el remate.

De entrada, determinamos que los fundamentos para denegar la inscripción basados en que el adquirente en la subasta fue la sociedad de gananciales constituida por Margarita Mercado Riera y su esposo Salvador S. Mandry Espinosa, y en que la sentencia que decretó la subasta de los bienes dispuso que la cuarta parte correspondiente a la referida señora se depositase en la Secretaría del Tribunal, no fueron consignados por el Registrador en su nota denegatoria. *Soto* v. *Registrador*, 58 D.P.R. 15 (1941); *Rivera* v. *Registrador*, 55 D.P.R. 104 (1939); *Collazo* v. *Registrador*, 55 D.P.R. 445 (1939).

■ En *Ex Parte García*, 54 D.P.R. 503, 508 (1939) dijimos que no existe impedimento en que una persona adquiera

una parte de una finca como bien privativo y otra parte como ganancial.

■ También concluimos que Margarita Mercado Riera podía concurrir a tomar parte en la subasta por virtud de la cual se le adjudicaron y subsiguientemente se le transfirieron los títulos de las fincas Catalina, Jaime Seix, Feliz y Predio en Corral Viejo. Sentencia del Tribunal Supremo de España de 28 de noviembre de 1907; Manresa, *Comentarios al Código Civil Español*, 6ta. Ed., Tomo VII, pág. 706.

■ Dispone el Art. 18 de la Ley Hipotecaria (30 L.P.R.A. sec. 43) que los Registradores calificarán bajo su responsabilidad la legalidad de las escrituras en cuya virtud se solicite la inscripción y la capacidad de los otorgantes . . . . Del mismo modo calificarán . . . todos los documentos expedidos por la Autoridad Judicial. En el caso de una venta judicial presentada para inscripción, el Registrador puede (1) investigar si en el procedimiento seguido ante la corte se observaron todos los trámites de ley (*Correa* v. *Registrador*, 67 D.P.R. 753 (1941)), (2) inquirir en cuanto a la jurisdicción con que se dictó la resolución ordenando la venta de los bienes (*Santos* v. *Registrador*, 60 D.P.R. 135 (1942)), y (3) determinar si el alguacil actuó de acuerdo con la orden para la venta de la propiedad (*Riera* v. *Registrador*, 23 D.P.R. 540 (1916)). Véase, además, *Caribe Nitrogen Corp.* v. *Registrador*, 87 D.P.R. 169 (1963). Dispone el Art. 253 del Código de Enjuiciamiento Civil (1933) (32 L.P.R.A. sec. 1134) que en la venta judicial de bienes el alguacil debe ceñirse a sus instrucciones. En *Arroyo* v. *Registrador*, 86 D.P.R. 362 (1962) dijimos que la legislación hipotecaria debe interpretarse con un criterio flexible "para que responde al desarrollo de nuestra economía dinámica, propicie la contratación y le dé firmeza al crédito territorial."

Examinemos la actuación del Registrador en este caso a la luz de lo expuesto.

De acuerdo con el récord, la sentencia del tribunal de 23 de enero de 1959 decretó la venta en pública subasta de los bienes en cuestión por determinado precio mínimo y dispuso "que una vez efectuada la venta en pública subasta . . . se depositará el importe total producido de dicha subasta en la secretaría de este tribunal y se procederá a repartir por el Secretario la totalidad de las sumas obtenidas por virtud de la subasta . . . . La cuarta parte correspondiente a la demandante, Margarita Riera se depositará en la secretaría de este tribunal hasta nueva orden para que ésta dé cumplimiento a la estipulación que concertara con el demandado, Hon. Secretario de Hacienda y aprobada por este tribunal en 23 de septiembre de 1958". El tribunal específicamente apercibió al alguacil que al celebrar la venta en pública subasta se atuviera a las disposiciones del Art. 253 del Código de Enjuiciamiento Civil.

El alguacil celebró la subasta en cuestión en 11 de octubre de 1962. Aparece del Acta de Subasta que por las fincas Catalina, Jaime Seix y Feliz, el señor Pastor Mandry Nones, como apoderado de Margarita Mercado Riera, ofreció el precio total mínimo fijado para cada una de ellas, y por el predio de terreno en Corral Viejo ofreció cien dólares más del precio total mínimo fijado para ésta. En tal virtud, se le adjudicó la buena pro en cuanto a todas las fincas, habiendo recibido el alguacil un cheque por ¾ partes del precio de la subasta en cada caso de dicha adjudicataria "quien era dueña de la cuarta parte restante."

■ Es evidente de lo expuesto que la adjudicación fue hecha correctamente por el alguacil pues vendió las cuatro fincas al mejor postor por no menos del precio mínimo fijado. Ahora bien, desatendió el alguacil sus instrucciones al no exigir que el precio fuese pagado en su totalidad en efectivo como disponía tanto la sentencia como el mandamiento expedido de acuerdo con la misma. De ahí que el alguacil al otorgar la escritura de venta judicial, vendiendo a Margarita

Mercado Riera los condominios de ¾ partes de los inmuebles previamente relacionados y transferirle el pleno dominio de dichos condominios, no se ciñó a sus instrucciones. En derecho desatendió las mismas. Por lo tanto procedía denegar la inscripción de la referida escritura por ser nula e inefectiva a los fines que motivó su otorgamiento.

Pero en vista de que concluimos que la adjudicación de las fincas fue hecha correctamente, lo procedente es que la Sra. Mercado Riera pague al alguacil en efectivo la cuarta parte del precio de adjudicación de cada una de las referidas cuatro fincas y al mismo tiempo se otorgue otra escritura de venta judicial por virtud de la cual el alguacil reconozca haber recibido de la Sra. Mercado Riera el precio total de adjudicación de tales fincas y en tal virtud le transfiera a ella el título de dominio de las mismas, procediéndose entonces a ratificar las transacciones subsiguientes.

Una vez realizado lo anterior, se habrá eliminado el fundamento de la objeción apuntada por el Registrador en estos casos y se podrá proceder a las inscripciones solicitadas a menos que la calificación de los documentos justifiquen la denegación de su inscripción por razones distintas a las que hemos considerado en esta ocasión.

*Por los fundamentos y con las limitaciones aquí consignadas se confirman las notas del Registrador en estos casos.*

