UNIVERSAL FUNDING CORPORATION, ETC., recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD, SECCIÓN CUARTA DE SAN JUAN, recurrido.

*Número:* RG-92-102          *Resuelto:* 7 de junio de 1993

*Estela I. Vallés Acosta,* de *O'Neill & Borges,* abogada de la recurrente; la Registradora de la Propiedad compareció por escrito.

PER CURIAM: La Sociedad de Gananciales compuesta por el Sr. Ernesto Ariel Ramos Santiago y su esposa la Sra. Sara Grisell Ríos González, en su carácter personal, y la Universal Funding Corporation solicitan mediante Re-

curso Gubernativo que revisemos la denegatoria por parte de la Hon. Registradora de la Propiedad, Carmen Julia Rocafort, de la inscripcción de unas escrituras de segregación y compraventa y de hipoteca.[1] A través de dichas escrituras, los cónyuges sujetos al régimen de la sociedad legal de gananciales acordaron la adquisición de participaciones indivisas en una propiedad.

Por entender que el Código Civil no prohíbe y nuestra jurisprudencia permite que un inmueble pertenezca en comunidad ordinaria a la sociedad legal de gananciales, con carácter ganancial, y a uno de sus integrantes, con carácter privativo, y por constituir, tanto la sociedad legal de gananciales como el cónyuge, entidades separadas y distintas, ordenamos a la Hon. Registradora de la Propiedad que inscriba las escrituras denegadas una vez acreditado, mediante documento complementario, el carácter privativo de parte de los fondos utilizados para adquirir la propiedad.

I

La sociedad legal de gananciales compuesta por el Sr. Ernesto Ariel Ramos Santiago y su esposa Sara Grisell Ríos González, mediante escritura de segregación y compraventa, adquirió de Levitt Homes P.R. Incorporated un solar ubicado en la Urbanización Bosque del Lago en Trujillo Alto.

Para financiar la adquisición, la sociedad solicitó un préstamo hipotecario a la Universal Funding Corporation. La financiera aprobó el préstamo sujeto a que la señora Ríos González vendiera una propiedad que le pertenecía privativamente y que había sido adquirida antes del matrimonio.[2] Para completar el dinero que necesitaban

---

[1] Escritura Núm. 275 de Segregación y Compraventa, y la Escritura Núm. 276 de Primera Hipoteca, otorgadas el 14 de junio de 1991 ante la notario público Estela I. Vallés Acosta.

[2] Dicha propiedad fue vendida por la cantidad de $12,750.

para la compra de la propiedad, la señora Ríos González aportó otra cantidad de dinero adquirida por donación.[3] La aportación total privativa de la Sra. Sara Grisell Ríos González para la compra de la propiedad fue de $25,000.

La escritura de compraventa incluyó una cláusula de salvedad en la cual se establecía la aportación total privativa de la señora Ríos González a la compra de la propiedad. Además, establecían los por cientos de participación en la propiedad de los cuales gozarían, por un lado, la sociedad legal de gananciales, compuesta por ambos cónyuges, y por otro lado, la señora Ríos González. Estas participaciones se distribuían de la manera siguiente: el 14.42% de la propiedad le pertenecería a la señora Ríos González, y el restante 85.58% le pertenecería a la sociedad legal de gananciales compuesta por ambos cónyuges. En dicha escritura el esposo Ernesto Ariel Ramos Santiago aceptó el carácter privativo del dinero utilizado para la adquisición de la propiedad.

Las escrituras de segregación y compraventa y de hipoteca se presentaron a tiempo para su inscripción en el Registro de la Propiedad. La Registradora de la Propiedad calificó ambas escrituras y, posteriormente, denegó su inscripción por la falta siguiente:

> De conformidad con el Artículo 1307 del C.C. deberán inscribirse los bienes gananciales o privativos sin que el citado artículo permita la indivisión que resulta del documento [de epígrafe]. Apéndice, pág. 43.

Ante la denegatoria de inscripción, los recurrentes presentaron un escrito de recalificación, cuyo resultado fue la reafirmación de la Registradora de la Propiedad en su denegatoria. Inconformes con dicha denegatoria, los recurrentes acuden a este Tribunal mediante recurso gubernativo. Objetan la calificación de la Registradora de la Propiedad señalando que ésta erró al sostener que un

---

[3] Esta cantidad consistía de $12,750.

inmueble no puede pertenecer en comunidad a una socie-
dad de gananciales y a uno de sus integrantes en su capa-
cidad privativa y que, por lo tanto, la escritura otorgada es
nula.

## II

La controversia en el caso de autos requiere dilucidar si,
al amparo del Art. 1307 del Código Civil, 31 L.P.R.A. sec.
3647, unos cónyuges, sujetos al régimen de la sociedad le-
gal de gananciales, pueden acordar la adquisición de par-
ticipaciones indivisas en una propiedad.

El Art. 1307 del Código Civil de Puerto Rico, *su-
pra,* dispone:

> Se reputan gananciales todos los bienes del matrimonio,
> mientras no se pruebe que pertenecen privativamente al ma-
> rido o a la mujer.

Este artículo establece una presunción controvertible de
ganancialidad. *García v. Montero Saldaña,* 107 D.P.R. 319,
336 (1978). La señora Ríos González demostró la natura-
leza privativa de los fondos con los cuales adquirió parte
del inmueble. De los $25,000 aportados por la señora Ríos
González a la compra de la propiedad, $12,750 provinieron
del producto de la venta del solar catorce (14) del Bloque
RF de la Urbanización Río Cristal, cuya propiedad adqui-
rió mientras era soltera, según consta en la Escritura
Núm. 785 otorgada el 29 de diciembre de 1989. Posterior-
mente, dicha propiedad fue vendida, según consta en la
Escritura Núm. 162 de 22 de mayo de 1991 por la cantidad
de $12,750. En cuanto a los restantes $12,750, éstos fueron
adquiridos mediante donación efectuada por la Sra. Enid
Ríos González y su esposo el Sr. Heriberto Figueroa
Marrero. La Sra. Sara Grisell Ríos González se comprome-
tió a presentar en el Departamento de Hacienda la corres-
pondiente Planilla de Donación, y suministrarle dicho do-

cumento a la Universal Funding Corporation. Asimismo, se comprometió a conseguir el correspondiente Relevo del Departamento Hacienda para la inscripción de la escritura de segregación y compraventa, objeto de la controversia, en el Registro de la Propiedad.([4]) De cumplir efectivamente con estos requisitos, probaría la naturaleza privativa de la donación y, por lo tanto, rebatiría la presunción de gananciacialidad que establece el Art. 1307 del Código Civil de Puerto Rico, *supra*.

Reiteradamente este Tribunal ha identificado la naturaleza de la figura de la sociedad legal de gananciales como una entidad separada y distinta de los cónyuges que la componen. *Cruz Viera v. Registrador*, 118 D.P.R. 911, 914 (1987). En *García v. Montero Saldaña*, supra, pág. 335, expresamos que "el régimen de gananciales prevaleciente reconoce, como axioma básico, el patrimonio individual de cada cónyuge separado del de la sociedad". La sociedad legal de gananciales no absorbe la personalidad individual de los cónyuges que la componen. Como señala el Juez Díaz Cruz en *Int'l Charter Mortgage Corp. v. Registrador*, 110 D.P.R. 862, 867 (1981), no ocurre "tal eclipse de personalidad". Y añade: "[s]ubsistente e inconfundible la personalidad individual de los cónyuges integrantes de la sociedad, con mayor relieve [es] la mujer hoy igualada en derechos dentro de la sociedad conyugal ...." *Int'l Charter Mortgage Corp. v. Registrador*, supra, pág. 868. En *Lanausse v. Silva, etc.*, 84 D.P.R. 546, 549 (1962), este Tribunal señaló que la mujer casada puede adquirir durante el matrimonio bienes inmuebles, siempre y cuando se haga constar y se justifique en la escritura el carácter privativo de la adquisición. Por lo tanto, la señora Ríos González estaba capacitada en ley para adquirir con su dinero privativo el inmueble en cuestión.

---

([4]) Véase el alegato de la recurrente en su pág. 3 y las escrituras que acompañan el recurso gubernativo.

Específicamente, en *Ex parte García*, 54 D.P.R. 503, 507 (1939), expresamos que:

> No existe ningún precepto legal que impida que una finca perteneciente en parte a uno de los cónyuges y en parte a la sociedad de gananciales se inscriba en el registro de la propiedad, expresando desde luego la parte proporcional correspondiente a cada una de las dos distintas entidades.

■ Este señalamiento fue reiterado posteriormente en *Mercado Riera v. Registrador*, 95 D.P.R. 86, 95 (1967), donde el Tribunal sostuvo que "no existe impedimento en que una persona adquiera una parte de una finca como bien privativo y otra parte como ganancial".

Como resultado de este negocio o transacción surge la figura de la comunidad ordinaria que habrá de regirse "por la normativa de la comunidad de bienes, concurriendo a la misma, de una parte, la pareja colectivamente y, de otra, el esposo o esposos titulares individuales". *Comentarios a las reformas del derecho de familia*, Madrid, Ed. Tecnos, 1984, Vol. II, pág. 1.629; *Rovira Tomás v. Srio. de Hacienda*, 88 D.P.R. 173, 176 (1963). Por lo tanto, en el caso de autos, el 85.58% del inmueble tendrá carácter ganancial, y el 14.42% tendrá carácter privativo.

Por los fundamentos anteriormente expuestos, *resolvemos que las escrituras de compraventa e hipoteca suscritas entre la sociedad legal de gananciales, compuesta por el Sr. Ernesto Ariel Ramos Santiago y su esposa Sara Grisell Ríos González, y Levitt Homes P.R. Incorporated, son válidas en derecho y, por lo tanto, se expide el auto y se ordena a la Registradora de la Propiedad Carmen Julia Rocafort la inscripción de dichas escrituras una vez haya sido acreditado el carácter privativo de los fondos adquiridos por la señora Ríos González mediante donación, y utilizados para la compra de la propiedad.*